UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| RAMIZ ZIJAD HODZIC, ) | |
| a/k/a Siki Ramiz Hodzic, ) | |
| SEDINA UNKIC HODZIC, ) | No. 4: 15 CR 00049 CDP (DDN) |
| NIHAD ROSIC, ) | |
| a/k/a Yahya AbuAyesha Mudzahid, ) | |
| MEDIHA MEDY SALKICEVIC, ) | |
| a/k/a Medy Ummuluna, ) | |
| a/k/a Bosna Mexico, ) | |
| ARMIN HARCEVIC, ) | |
| JASMINKA RAMIC, ) | |
| v. ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION FOR FINDINGS OF FACT AND PROPOSED SCHEDULING ORDER DUE TO THIS MATTER BEING A COMPLEX CASE**

COMES NOW the United States of America by and through its attorneys, Richard G. Callahan United States Attorney for the Eastern District of Missouri, and Matthew T. Drake, Assistant United States Attorney for said District, pursuant to Title 18, United States Code, Section 3161(h), *et al*, and moves this honorable Court to make specific findings of fact concerning scheduling of pretrial matters, discovery, and time limit exclusions regarding pretrial matters. The Government, in support of its motion, states as follows:

**STATEMENT OF THE CASE**

1.  This case involves a complex, unusual, and long-term investigation concerning matters involving national security. Specifically, the Indictment alleges two counts of providing material support to terrorists and a count of conspiracy to kill and injure persons in a foreign country. Six defendants are charged in the Indictment.

2.      Due to the nature, length and complexity of the investigation, the Government anticipates numerous pretrial motions will be filed and litigated.  Additionally, the underlying case and investigation dealt with national security and terrorism matters.  Pretrial motions will likely include motions filed by the Government pursuant to the Classified Information and Procedures Act, as codified in Title 18, United States Code, App. III.  Such motions will include lengthy review by the Court, pretrial conferences, potential protective orders, and long term discussion among the parties.

3.      Evidence and materials collected during the course of the investigation are voluminous in that the investigation took place over a number of years.  Discovery in the case includes hundreds of thousands of pages of documents, records obtained by grand jury subpoenas issued to financial institutions and electronic service providers, search warrants, electronic surveillance matters, and court-authorized interceptions.  Thus, discovery in this matter will likely be a lengthy and on-going process.  Discovery production by the Government will also be atypical and will include the involvement of numerous parties.  Much of the material is in a foreign language, posing additional discovery, review, and analysis challenges.  Discoverable materials include, but are not limited to: (a) court-authorized interceptions, (b) law enforcement surveillance, (c) reports and memorandum related to law enforcement activities and interviews, (d) numerous financial and private business documents obtained through the Grand Jury investigation, (e) cooperating witnesses, (f) search warrant applications and warrants, and (g) statements made by the respective defendants during the course of the investigation and upon their respective arrests.  As required by statute, the Government will also provide notice that some information and evidence was obtained or derived pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA).

4. The Government estimates that the trial in this case could last numerous weeks, depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

5. The Government anticipates providing notice pursuant to Federal Rules of Criminal Procedure 12(b)(4) in this case. Such notice will contain numerous arguably suppressible matters. Specifically, multiple search warrants were obtained and executed and the defendants had contacts with law enforcement and federal agencies. In the event pretrial motions are pursued, the matters may require an evidentiary hearing. Likewise, specific findings of fact and conclusions of law must be written as to each of the separate events. Thus, there will likely be delay as contemplated in Title 18, United States Code, Section 3161 (h)(1)(D).

6. The Government also notes that four defendants are not presently in this District. Defendants Salkicevic, Harcevic and Rosic were individually arrested in different federal Districts. The Government has been informed that Salkicevic and Rosic have been detained pending trial in the Districts where they were respectively arrested. All are in the process of removal proceedings and awaiting transportation for appearances before this Court. Additionally, the Government has been informed that defendant Jaminka Ramic was arrested in Germany on February 10, 2015, and is awaiting extradition proceedings. Thus, pursuant to Title 18, United States Code, Section 3161 (h)(1)(E) and (3)(A) there will be delay resulting from the a proceeding relating to the removal of a defendant from another district under the Federal Rules of Criminal Procedure and due to the absence of more than one defendant.

7. The Government recognizes that in light of the number of defendants, the nature of the charges, the extensive court-ordered surveillance, and the number and complexity of the

discovery matters, it is unreasonable to expect the defense to adequately prepare for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act.

8.  The Government further asserts that the ends of justice would best be served by declaring this case complex pursuant to relevant law in that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  United States v. Stackhouse, 183 F.3d 900, 901 (8th Cir.1999) (district court must set forth in the record its reasons for finding that the ends of justice would be served).  Setting this case within the time required by the Speedy Trial Act in a matter this complex could lead to a miscarriage of justice for the defendants and the public at large. Title 18, United States Code, Section 3161(h) permits a Court to grant to delay a case if it makes on-the-record findings that the ends of justice served by any delay and that the delay outweighs the public's and defendant's interests in a speedy trial.  Zedner v. U.S. 547 U.S. 489, 126 S.Ct. 1976, 1978 (2006).

**WHEREFORE,** the government respectfully requests that this Court make specific findings of fact concerning scheduling of pretrial matters, discovery, and pretrial matters, in light of the aforementioned facts and circumstances.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/MATTHEW T. DRAKE*
MATTHEW T. DRAKE – 46499MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 10, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

               *s/MATTHEW T. DRAKE*
               MATTHEW T. DRAKE – 46499MO