UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, </br> </br> Plaintiff, </br> </br> v. </br> </br> RAMIZ ZIJAD HODZIC, </br>    a/k/a Siki Ramiz Hodzic, </br> </br> SEDINA UNKIC HODZIC, </br> </br> NIHAD ROSIC, </br>    a/k/a Yahya AbuAyesha Mudzahid, </br> </br> MEDIHA MEDY SALKICEVIC, </br>    a/k/a Medy Ummuluna, </br>    a/k/a Bosna Mexico, </br> </br> ARMIN HARCEVIC, and </br> </br> JASMINKA RAMIC, </br> </br> Defendants. | Cause No. 4:15-CR-0049 CDP- DDN |

**GOVERNMENT'S MOTION FOR STAY OF ORDER OF RELEASE AND FOR REVOCATION OR AMENDMENTOF ORDER OF RELEASE**

Comes now, the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Matthew T. Drake, Assistant United States Attorney for said District, respectfully moves this Court, pursuant to Title 18, U.S.C. § 3145(a) to revoke Defendant Armin Harcevic's bail Order and to stay such Order until a hearing can be held in the Eastern District of Missouri.

On February 5, 2015, a federal Grand Jury in the Eastern District of Missouri returned a three count Indictment against the captioned defendants. Count I alleges that all defendants

1

participated in a conspiracy to provide material support to terrorists, and Count III alleges that all defendants provided and attempted to provide material support to terrorists, both Counts being violations of Title 18, United States Code, Section 2339A. Defendant Armin Harcevic is charged in Counts I and III.[1]  As identified in Title 18, United States Code, Section 3145(a), this Court has original jurisdiction over the offenses charged.

The United States moved for detention of defendant Harcevic.  On February 6, 2015, Special Agents with the Federal Bureau of Investigation arrested Armin Harcevic in San Jose, California, and took him into custody.  On February 9, 2015, defendant Harcevic had an initial appearance in the United States District Court for the Northern District of California. The case in the Northern District of California was assigned cause number 15-70142-MAG.  A detention hearing was set for February 13, 2015.  Argument was heard and the hearing was continued to February 24, 2015.

Thereafter, following a series of brief continuances, on March 17, 2015, following the completion of hearings, the Honorable United States Magistrate Judge Paul S. Grewal denied the Government's Motion to Detain.  United States Magistrate Judge Grenwal ordered bond to be set for the defendant in the amount of $1,000,000.00, to be secured by cash and real property. The defendant was also ordered released under a series of conditions. See, *Order Setting Conditions of Release and Appearance Bond.*  Pursuant to a minute entry, the Order of Release was stayed for two business days and a stay concerning a prior order of removal was lifted. See, Docket entry 17.  No specific date to appear in the Eastern District of Missouri has yet been ordered.

---

[1]   Count II alleges that defendants Ramiz Hodzic and Nihad Rosic participated in a conspiracy to kill and maim persons in a foreign country, in violation of Title 18, United States Code, Section 956(a).

Pursuant to Title 18, U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court - (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The United States hereby moves this Court to revoke the Defendant's Order of Release issued by Magistrate Judge Paul Grewal and to set the case for a detention hearing in this District.

As stated by the Government during the detention hearing, the Government believes that defendant Armin Harcevic poses both a danger to the community and a flight risk.  This is a case involving allegations of crimes concerning international terrorism and matters of national security.  Under the Bail Reform Act, there is a rebuttable presumption that in cases involving certain specified offenses that Congress has deemed especially serious, there is no set of conditions that will reasonably assure the appearance of the defendant at trial or the safety of the community.  The crimes charged against defendant Harcevic are of that classification. See 18 U.S.C.§3142(e)(3)(C).  The Act specifically compels courts to take into account whether a Federal crime of terrorism has been charged when assessing detention issues. 18 U.S.C. § 3142(g)(1).  Thus, there exists a presumption under the Bail Reform Act that no combination of conditions exist which could reasonably assure community safety or which could assure that the defendant Harcevic would appear as required at future court dates.

In further support of its motion to detain, the Government cites the following factors. One, the nature and circumstances of the offenses charged are gravely serious allegations

3

concerning matters involving allegations of material support to terrorists.  Two, the Government's case is strong and the weight of the evidence is great.   A federal grand jury in the Eastern District of Missouri found probable cause to indict the defendant for conspiring to, and substantively supporting individuals who engaged in terrorism and specified unlawful activity. This included allegations of providing money and property to individuals who were fighting abroad in Syria, Iraq and elsewhere and who were otherwise assisting foreign terrorist organizations including Al-Qa'ida in Iraq and ISIL/ISIS.   The evidence against defendant Harcevic includes court-authorized interceptions of the defendant and other conspirators and co-defendants concerning their participation in the conspiracy alleged in the indictment.   The indictment alleges that defendant Harcevic provided money to co-defendant Hodzic which was then knowingly transmitted to individuals who were in Syria and engaged in acts of violence to include a conspiracy to kill and maim persons in a foreign country.   Three, the penalties for each count include imprisonment of not more than fifteen years per count. Further, it is recommended that sentences on multiple counts be served consecutively.   Four, concerning defendant Harcevic's characteristics, he is a legal permanent resident, not a naturalized citizen and, upon information and belief, defendant Harcevic is self-employed as a construction worker. He only recently moved from St. Louis, Missouri, to San Jose, California - a little over two months ago.   He was arrested in California.   He does not own a home in California or in Missouri.   Defendant Harcevic was ordered released under a series of conditions to include the ability to remain in the Northern District of California.   However, he has very few ties to that District, and the ties he does have are brief.

      For these reasons, among others, the United States hereby moves this Court to stay the

pending Order of Release issued in the Northern District of California in order to permit the Government to pursue an appeal, notice of which is filed with this motion.  The Government requests that such a stay be entered only until a hearing can be held before the U.S. District Court on this matter.

        Respectfully submitted,

        RICHARD G. CALLAHAN
        UNITED STATES ATTORNEY

        /s/ *Matthew T. Drake*
        Matthew T. Drake – 46499MO
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

    I certify that on March 18, 2015, a true and correct copy of the foregoing Government's Motion for Stay of Order of Release was served on the Court's electronic filing system

        /s/ *Matthew T. Drake*
        Matthew T. Drake – 46499MO
        Assistant United States Attorney