# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>vs.<br>RAMIZ ZIJAD HODZIC,<br> a/k/a Siki Ramiz Hodzic<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br> a/k/a Yahya AbuAyesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC,<br> a/k/a Medy Ummuluna,<br> a/k/a Bosna Mexico,<br>ARMIN HARCEVIC, and<br>JASMINKA RAMIC.<br>  Defendants. | Cause No. 4:15-CR-0049 CDP- DDN<br><br>RESPONSE TO GOVERNMENT'S MOTION FOR REVOCATION OR AMENDMENTOF ORDER OF RELEASE |

Comes now the defendant, Armin Harcevic, by and through his attorney of record, Charles D. Swift, and submits this Response to Government's Motion for Revocation or Amendment of Order of Release filed on March 18, 2015 (Doc. 93).

## I. Background

Armin Harcevic is a 36 year old man who emigrated as a refugee from Bosnia in 1999. After coming to the US, he initially lived in San Jose, California, but moved to Saint Louis, Missouri, for approximately two years in September, 2012, before moving back to San Jose in January, 2015, to obtain steady work. Harcevic has worked primarily as a construction worker and handy man. He became a lawful permanent resident in 2002. In 2007, Harcevic married Salena Harcevic (formerly Salena Dulic). They have three children. Salena Harcevic is also from

Bosnia and immigrated in January of 2000 to the United States. From 2004 to 2012, Salena Harcevic worked as an Operations Specialist (accounting) for Edward Jones Investments in St. Louis. She has extended family in St. Louis (mother, brother, aunt, 3 cousins). Armin, likewise, has extended family in the United States (father, sister, and two step-brothers).

On Feb 5, 2015, Harcevic was indicted for conspiracy to commit material support of terrorism as defined by 18 USC 2339(A), and material support of terrorism in violation of 18 USC 2339(A).[1] Harcevic's participation in the conspiracy allegedly occurred while he was living in St. Louis and was limited to one transfer of $1,500, which occurred on September 24, 2013, and was to Siki Ramiz Hodzic. (Paragraph 23 of Count 1 para.) Siki Ramiz Hodzic is then alleged to have transferred these funds, along with his own and others' that he caused to be collected, to Abdullah Ramo Pazara and others who are alleged to have been fighting in Syria, Iraq, and elsewhere in support of designated Foreign Terrorist Organizations (FTO's). Hodzic transferred these funds in the form of cash and military equipment. (Paragraphs 24-29 of Count 1.) Harcevic is generally alleged to have known at the time of the transfer that the funds would be used to support Abdullah Ramo Pazara and others who were fighting overseas in support of designated FTOs.

As result of the indictment, Armin Harcevic was arrested on February 9, 2015, at his home in San Jose, California, and placed in pre-trial detention. At an initial detention hearing conducted by Magistrate Paul Grewal on February 13, 2015, the government presented no evidence with regards to the alleged criminal conduct beyond the indictment. The government indicated Harcevic was self-employed and his wife was unemployed, and he had no known financial assets. On the issue of risk of flight, the government stated that Harcevic had traveled outside of

---

[1] Armin Harcevic is not charged with the second count in the indictment of conspiracy to commit murder overseas in violation of 18 USC 956 and 2.

RESPONSE TO GOVERNMENT'S MOTION FOR
REVOCATION OR AMENDMENTOF ORDER OF RELEASE

the US to Bosnia in 2009 when he saw his mother. Finally, the government stated that ". . . we have no history of violence by this particular defendant." (Attached Exhibit A, Transcript of 2/13/15 Detention Hearing at Pg. 4 - 6).

After hearing the evidence and argument, Magistrate Paul Grewal concluded that the following conditions of release were sufficient to permit Armin Harcevic's release:

- Posting a million dollars secured by cash/property
- Not to travel outside N. Dist. of Californian or the E. Dist. of Missouri,
- Be subject to electric home monitoring
- Surrender passports and visas to Pretrial Services (not to apply for new passport)
- Report to Pre-trial Services upon release
- Possess no firearms or dangerous weapons
- Remain in the custody of Salena Harcevic at 2011 Lynnhaven Dr., San Jose, CA
- Appear at required court proceedings,
- Commit no crime while on home detention
- Do not tamper or impede or obstruct criminal investigation

The million dollars bond was subsequently secured by cash and real property posted by Salina Harcevic & Frata Dulic (Salena's mom), and three friends in San Jose, Majed Alayleh, Mehyeddine Alayeh, and Mounzer Ladkani, with their properties located at 4120 – Upton Ct., St. Louis, MO, 3777 – Caravella Dr, San Jose, CA, 3554 – Parkland Ave., San Jose, Ca, and 1116 – Reeves St., Santa Clara, CA, respectively. A subsequent Order Setting Conditions of Release was issued on March 18, 2015 (Doc. 90). The government's Motion for Revocation or Amendment of Order of Release was filed on March 18, 2015 (Doc. 93). The Order of Release was stayed on March 20, 2015 (Doc. 103).

## II. Standard of Review

The District Court's review of a magistrate's decision is de novo. See *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. Mo. 1985).[2]

---

[2] By separate motion (Doc 105 ), defendant Harcevic has appealed the Magistrate Judge's order for a second detention hearing or in the alternative hearing of the government's motion for review of conditions of release and

### III. Evidence to be Considered

The Court's de novo review does not require that an additional evidentiary hearing be conducted. *United States v. Burks*, 141 F. Supp. 2d at 1285; see *United States v. Koenig*, 912 F.2d at 1193. Instead the District Court may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted therein as the factual basis for the Court's decision regarding conditions of release and detention. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994); see also *United States v. Messino*, 842 F. Supp. 1107, 1109 (N.D. Ill. 1994). Alternatively, the district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig*, 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id*.

The defendant has attached the transcripts of and evidence offered in the detention hearing before Magistrate Paul Grewal on February 13, 2015 (Exhibit A), and February 24, 2015 (Exhibit B), and requests the Court's consideration of the same. Absent the government offering additional evidence, the defense does not intend to offer further evidence concerning the issue of detention.

### IV. Factors to be Considered

The charges with which defendant Harcevic has been indicted carry a standard that a rebuttable presumption exists that no condition, or combination of conditions, will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. 18 USCS § 3142(e)(C). In considering the government's motion for review of the condition of release the court is to consider the factors set out in 18 USCS § 3142 as follows:

---

argued that the motion for review of detention should be before the District Court as opposed to the Magistrate Judge Noce

(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
  (2) the weight of the evidence against the person;
  (3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### V.  Analysis

The government in its motion for revocation or amendment of the conditions of release relies on the first factor based on a charged crime of terrorism, and the defendant's status as a lawful permanent resident and recent relocation back to San Jose, CA, as constituting circumstances where no conditions of release can assure the defendant's presence for trial and/or assure the safety of the community.

1.  Nature and Circumstance of the Offense Charged:

Being indicted on a crime of terrorism does not dictate detention in all cases. See *USA v. Muna Osman Jama*, 1:14-cr-230, US District Court, Eastern District of Virginia, Doc. 18 – Order setting Conditions of Release dated July 25, 204, and *USA v. Hinda Osman Dhirane*, 1:14-cr-230, US District Court, Eastern District of Virginia, Doc. 26 – Appearance Bond dated July 29, 2014, granted out of the US District Court, Western District of Washington, assigned Case # MJ14-311. Defendants in both of these cases were charged with terrorism crimes and were

granted home detention with certain conditions of release, similar to what Harcevic was given by Magistrate Paul Grewal on February 13, 2015, in the Northern District of California. District courts have found conditions of release appropriate in cases that carried charges of terrorism related offenses.

The allegation of the crime of terrorism is mitigated here by the alleged circumstances of the crime. Harcevic is alleged to be a minor and limited participant in the conspiracy. The government claims Harcevic made a single transaction of $1,500, more than a year and half ago. There is no evidence that Armin Harcevic had or has contact with Abdullah Ramo Pazara and others who are alleged to be fighting in Syria, Iraq and elsewhere in support of designated Foreign Terrorist Organizations (FTO's). Consequently, there is no real possibility that he will engage in acts in material support of terrorism if released under the conditions set by the magistrate.

2. Weight of the Evidence against the Defendant

The weight of the evidence against Harcevic seems to be an indictment of one transfer of $1,500 one and a half years ago to a charity within the United States.

3. History and Characteristic of the Defendant

The government argues that Armin Harcevic has ties overseas, has recently relocated back to San Jose, CA, and the potential sentence of thirty years creates a risk of that cannot be mitigated by any conditions of confinement. The government's argument glosses over the fact that Harcevic actually has very close ties with communities where he has lived in the United States. He is a Husband and father with three small children, all of whom are US citizens. He also has close ties with a larger community in San Jose, California, and Saint Louis, Missouri. The ties are evidenced by property provided by community members and family totaling a million

dollars. The transcript of the initial detention hearing on February 12, 2015, indicates that many, many members of his local community were present from San Jose at the initial detention hearing and were available to appear in support of and on behalf of Harcevic. Graham Archer, Harcevic's attorney in San Jose, invited the court to enquire of the individuals present in support of Harcevic to give testimony as to his good character and ties to the community. (See Exhibit A, Transcript, page 6 – 7).

It should be remembered that Harcevic was a refugee from Bosnia when he came to US. Harcevic would face hardship if he returned to Bosnia. For the government to claim, with his ties to the community, family living here, and long term residence in the US, that Harcevic is a flight risk to Bosnia is not credible.[3]

Admittedly, it is counsel's understanding that the potential recommended sentence for Harcevic for allegedly contributing $1,500 to Siki Ramiz Hodzic's alleged efforts to support FTO would be 30 years, pursuant to USSG § 3A1.4(a). The potential length of confinement, however, is misleading when viewed against the average actual sentence in cases involving cases limited to material support charges. In these cases the average sentence is 14 years.[4]

If flight actually were a concern, the court could impose of affirm several conditions of release which would mitigate the potential for flight, including surrendering of Harcevic's passport (already done), GPS monitoring, confinement within the home, and being placed in the custody of his spouse, Salena Harcevic, who would lose her and her aged mother's home that is jointly owned by spouse and mother, should Harcevic flee.

---

[3] Harcevic's passport expired in 2012, and was turned over to Pretrial Services by Salena Harcevic per the court's order.
[4] See Terrorist Trial Report Card (TTRC), September 11 – 2001 – September 11, 2011, Published by the Center of Law and Security, NYU Law School, 2011. Statistics in the TTRC are compiled from statistics obtained from the US Department of Justice.

RESPONSE TO GOVERNMENT'S MOTION FOR
REVOCATION OR AMENDMENTOF ORDER OF RELEASE

The only real concern for this court should be the location for confinement as set out in the current Conditions of Release. Presently, Harcevic is directed to be on home monitoring in San Jose, California. Confinement at this location would require Harcevic to travel on multiple occasions from San Jose to Saint Louis.

To mitigate this risk posed by Harcevic's place of home detention in San Jose, defendant Armin Harcevic requests, pursuant to 18 USC 3145(b), that the condition of release be amended to make the location of home confinement to be 4120 – Upton Ct., St. Louis, MO 63116, the home of Sanela Harcevic and Fata Dulic (her mother). The custodian would remain Selena Harcevic who is amenable to moving immediately back with her mother and to remaining present in St. Louis for the duration of the proceedings. Location of the residence is within 10 miles of this court house. Defense recommends that the Conditions of Release be amended to reflect a home detention location of St. Louis, Missouri. Harcevic also does not object to elimination of the ability to travel to counsel's office. Counsel's office is located in Richardson, Texas, and counsel is willing to travel to Saint Louis to consult with client at his home.

4. Danger to the Community based on Defendant's Release

Under these circumstances, the government's contention that Harcevic may pose a risk to the community is purely speculative, at best. They indicated at the initial detention hearing that they have no history of violence by Harcevic. The government is not able to show that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## VI. Conclusion

With these amendments outlined above, the conditions for release of Armin Harcevic are sufficient to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of Harcevic for trial.

Dated this 24th day of March, 2015

/s/ Charles D. Swift
Charles D. Swift
Pro Hac Attorney for Armin Harcevic
Constitutional Law Center for Muslims in America
833 – E. Arapaho Rd., Suite 102
Richardson, TX 75081
Phone (972) 914-2511
Fax (972)692-7454
cswift@clcma.org

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of defendant Harcevic's Response to Government's Motion for Revocation or Amendment of Order of Release was electronically filed and served on the Court's electronic Filing system:

DATED this 24th day of March, 2015.

                                                  */s/ Charles D. Swift*
                                                  Charles D. Swift
                                                  Pro Hac Attorney for Armin Harcevic
                                                  833 – E. Arapaho Rd., Ste. 102
                                                  Richardson, TX  75081
                                                  Tel: (972) 914-2507
                                                  Fax: (972) 692-7454
                                                  cswift@clcma.org