UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:15 CR 49 CDP / DDN |
| | ) | |
| | ) | |
| ARMIN HARCEVIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On April 7, 2015, defendant Armin Harcevic came before the Court with counsel on the motion of the United States (Doc. 93) for review or, in the alternative, for amendment of the order of release of defendant Harcevic issued by the United States District Court for the Northern District of California.   The matter was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).

## BACKGROUND

Defendant Armin Harcevic and 5 co-defendants are charged by indictment in this District in Count 1 with conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; and he is charged in Count 3 with the 5 others with knowingly providing material support, in the form of money and equipment, during August and September 2013, knowing and intending that this support be used to carry out a conspiracy to commit the offenses of murder or maiming at places outside the United States, in violation of § 2339A. Specifically, the indictment alleges he transferred $1,500.00 to a co-defendant's financial account on September 24, 2013, and that all defendants communicated with one another through telephones and various social media to further the conspiracy.  (Doc. 1.)[1]  The maximum statutory penalties upon defendant's conviction include imprisonment for not more

---

[1] All references to "Doc." entries are to minute entries in the official records of this Court.

than 15 years on each count, with consecutive sentences (for a total of 30 years imprisonment), plus deportation.

Before the Court for review is the order that defendant be released from the custody of the Marshals Service on the following conditions:

1.  The signing of a secured appearance bond in the amount of $1,000,000.00, with appropriate sureties.   This condition has been satisfied by the signing of such a bond and the deposit of money and the proffering of real estate, totaling the required amount.   One of the parcels of property is located in St. Louis and is the residence of defendant's mother-in-law; the property is owned by her and defendant's wife.

2.  Defendant must not commit any federal, state, or local crime.

3.  Defendant must not obstruct justice in this case.

4.  Defendant must not travel outside the Northern District of California or the Eastern District of Missouri.  Defendant's counsel has proffered defendant's intention that, if released, he would move his wife and children to St. Louis where he would reside.

5.  Defendant must submit to supervision by the United States Pretrial Services Office.

6.  Defendant must deposit any passport with the registry of the federal court and not apply for or obtain any other passport or travel document.

7.  Defendant must not possess any firearm, destructive device, or other dangerous weapon.

8.  Defendant must remain in the third-party custody of his wife, who agrees to supervise him, and to report any violation of the conditions of release.   During the hearing held in this Court, the Court directed defense counsel to identify to the Pretrial Services Office in this district 3 other individuals who would serve as third-party custodians for the Court to consider with consultation with the Pretrial Services Office.

9.  Defendant must have no contact with any co-defendant without the presence of defense counsel.

10.  Defendant must not change his place of residence without the prior approval of the Pretrial Services Office.

11.  Defendant must submit to home detention with location monitoring as directed by the Pretrial Services Office.

12.  Defendant must contribute to the cost of the services provided by the Pretrial Services Office.

2

(Doc. 90.)   See also Docs. 91, and 118 (minute entries of the United States District Court for the Northern District of California, and the Order committing defendant to appear before this Court).

Before the District Court in San Jose, the government argued that defendant Harcevic cannot overcome the statutory presumption for detention in this case.   The government argued that the crimes with which he is charged are very serious, *i.e.* providing material support to terrorists by contributing personal money to allow terrorists to engage in violent activities overseas.   The indictment alleges defendant provided $1,500.00 to co-defendant Siki Hodzic who transferred the money to Turkey to aid Abdullah Ramo Pazara to engage in terrorist killings.   There is evidence that Pazara was successful in killing 11 people.   The government argued that defendant was a flight risk, because of his unstable work history, his lack of assets, and his ties to Bosnia.   (Doc. 119-1 at 3-6.)

Defendant argued that he has community support and that he did not flee St. Louis to avoid arrest but to work.   He argues the government's suggestion that he is a danger to the community, because there could be a terrorist response to defendant's arrest, is very speculative.   The alleged transfer of money by defendant to co-defendant Hodzic was inside the United States; it was not an international transfer, although the indictment alleges he intended the money to be use overseas.    (Doc. 119-1 at 7-9.)

On February 13, 2015, following its initial review of the detention hearing presentation, with the benefit of the February 12, 2015 original report of the Pretrial Services Office in that District (Doc.  140-1), the District Court in San Jose initially concluded that defendant Harcevic did not rebut the statutory presumption for detention.    The Magistrate Judge considered the charges against defendant to be substantial and initially ordered him detained for transfer to this District.    Nevertheless, he set a further hearing for reconsideration of this detention order following the development of further information by the Pretrial Services Office.   Further proceedings were set for February 24, 2015.   (Doc. 119-1 at 16-17.)

On February 24, 2015, after the Pretrial Services Office had completed its supplemental pretrial services report, dated, February 23, 2015 (Doc. 140-2), the District Court reconvened proceedings on the issue of detention or release.   In that hearing, the government maintained its position for detention, even with defendant posting significant economic security, because of the seriousness of the crimes charged; the probable cause finding of the grand jury; defendant's move to San Jose from St. Louis because of the investigation; defendant's ties to foreign countries, including Bosnia, Croatia, and Germany, where he has traveled; and his "weak ties" to San Jose.   (Doc. 119-2 at 3-4.)

Defense counsel argued that the arguments of the government are based on speculation, including why defendant moved his family to San Jose.   Rather, counsel argued that defendant moved to San Jose to find work.   Counsel showed the Court evidence that defendant was attempting to find housing in San Jose and he argued that, if defendant was fleeing federal prosecution, he could have attempted to leave this country; there is no evidence presented that he did so.   Defendant spoke personally to the Court and described substantial construction contract work he had acquired by the time of his arrest in this case.   Defense counsel advised the Court that the last time defendant traveled outside the United States was in 2009 to visit with his mother in Bosnia.   (Id. at 5-11.)

The District Court concluded the hearing by personally questioning the defendant, his wife, and the sureties who were present about what their responsibilities would be under certain conditions of release.   All stated they would comply with those conditions.   They all signed and initialed the conditions of release document presented to them.   (Id. at 33-35.) Also, at this hearing defendant waived his right to an identity hearing in that District and to his being removed to this District.   (Id. at 35.)

## DISCUSSION

Now, before this Court, on its motion for relief from the order of release and the conditions of release, the government argues that defendant poses a danger to the community and a flight risk.   The argued bases for these opinions are the rebuttable statutory

4

presumption for detention, the gravely serious nature of the offenses charged, the strong nature of the government's evidence (which includes Court-authorized interceptions of conversations of defendant with co-conspirators), and the defendant's circumstances.

Review of the order setting conditions of pretrial release for defendant Harcevic is governed by the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, esp. § 3145(a).   On such a review, the Court may consider the record before the District Court which issued the release order and any supplemental information the parties may submit.   United States v. Allen, 605 F. Supp. 864, 867 (W.D. Pa. 1985).

In this case, the government submitted the original and the supplemental reports of the Pretrial Services Office in the Northern District of California and the second supplemental report of the Pretrial Services Office in this District (Doc. 131 sealed).   The parties agreed that the information in the Northern District of California's pretrial services reports that refer to arrests on June 14, 2005 and August 15, 2014 (Doc. 140-1 at 4; Doc. 140-2 at 2) should not be considered by this Court.   The Court agrees with the parties' assessment of this information and will not consider it.   Also before the Court for consideration are the transcripts of the proceedings before the District Court in the Northern District of California, which were attached to defendant's response to the government's motion.   (Docs. 119-1, 119-2.)

The Bail Reform Act places upon the government a substantial burden of proof regarding whether or not defendant Harcevic should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).   Congress has prescribed that on the issue of

whether or not to release or detain a defendant before trial defendant retains the presumption of innocence.   18 U.S.C. § 3142(j).

Nevertheless, the government's case is aided by a statutory rebuttable presumption. The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed -- . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).   Section 2339A, under which defendant is charged, carries a statutory maximum penalty that includes imprisonment for 15 years on each count. Therefore, the grand jury's finding of probable cause in its return of the indictment created the statutory rebuttable presumption for detention.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.   United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). If defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the Court must consider Congress's finding that violators of 18 U.S.C. § 2339A pose special risks of flight and danger to the community. Id

From the record before it, the Court finds that defendant Armin Harcevic is 36 years old.   He was born in Bosnia-Herzegovina and is a citizen of Bosnia.   Defendant graduated from high school in Germany.   His parents are divorced.   His mother lives in Bosnia and his father and step-mother live in St. Louis.   Of his three siblings, two brothers live in St. Louis, and a sister in San Jose.   His wife's brother resides in St. Louis and is a naturalized American citizen. Defendant's wife was born in Bosnia and is a naturalized American citizen; she is not charged in the indictment and has no criminal record; and they have three minor children who are United States citizens.   Defendant has regular contact with his family members.

Defendant lived in Germany until 1999, when he immigrated to the United States.   He is a legal permanent resident of the United States.   He lived in California approximately 9 years.   Then he lived in St. Louis for 2 years. In January 2015, defendant and his wife and children moved to San Jose, at a time when the government believes co-defendant Ramiz Hodzic suspected he himself was being investigated.   Other information before the Court indicated defendant moved to San Jose for employment. (Doc. 131 at 2.)   Defendant was arrested in California on the instant indictment.   As stated above, defendant's wife and her mother own a home in St. Louis, which has been proffered as security for defendant's release. Defendant's wife was employed in St. Louis before moving to San Jose and may be able to reacquire this employment.

Between 2002 and 2009 defendant visited Bosnia three times to visit his mother; on those trips he also traveled to Croatia, assertedly to visit aunts.   His Bosnian passport has expired and has been deposited with the Court.

Defendant has a very minor criminal record in the United States, *i.e.*, two misdemeanor convictions in California in 2005 for business contracting without a license and advertising as a contractor without a license.   In 2005 he was sentenced to 3 years probation and fined. Defendant has no active arrest warrant and he is no longer on parole or probation.   (Doc. 140-1 at 4.)

The undersigned believes that the strongest argument for defendant Harcevic's detention is founded on the very serious nature of the charged offenses.   The grand jury indictment alleges and the government argues that defendant, a Bosnian native who immigrated to the United States and who is a legal permanent resident of the United States, conspired with the co-defendants to provide money and equipment which were to be used in carrying out a conspiracy to commit murder and maiming at locations outside the United States.   As stated above, defendant Harcevic's alleged part in this conspiracy involved his transfer of $1,500.00 on September 24, 2013, and engaging in conversation with co-defendant Ramiz Hodzic about the matter.

7

<u>Statutory Presumption for Detention</u>

The undersigned has given very careful consideration to whether defendant Armin Harcevic has rebutted the statutory presumption that a defendant with his charges is to be detained.   "[The] defendant bears a limited burden of production--not a burden of persuasion--to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."   <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003) (quoting <u>United States v. Mercedes</u>, 254 F.3d 433, 436 (8th Cir. 2001)).   As stated above, if defendant rebuts the presumption, the presumption remains a relevant factor when considering the issues of potential flight and dangerousness.   <u>Id.</u>

Facts successfully rebutting the presumption can include community and family support for the defendant, willingness of others to be third-party custodians, and the availability of substantial financial assets as security.   <u>Id.</u> at 798.   Similar facts and others, i.e. a minor criminal record, willingness to relocate to this the charging District, and close family members residing in this District, favor defendant Harcevic.    The undersigned concludes that, in defendant's circumstances, defendant has rebutted the statutory presumption for detention.    Congress's consideration of the seriousness of violations of § 2339A remains a strong factor in the consideration of whether there are conditions of release that would reasonably assure that the release of defendant will not endanger the community or involve a risk of flight.

<u>Danger to the Community and Risk of Flight</u>

Relevant to whether defendant would be a danger to the community are his prior criminal history, the nature of the offenses charged in the indictment, and other indicia of dangerousness.   Again, the record before this Court indicates that defendant has a very minor criminal history, two business misdemeanors.   The government does not rely on the summary and uninformative entries in the bail report for 2005 and 2014, and the Court does not consider these entries.

The nature of the charges against defendant are very serious and Congress considers them so.  However, the allegations against him involve no direct, violent act by him more than the transfer of $1,500.00 and conversation with a co-defendant.  The undersigned believes that the risk of defendant Harcevic's internet communication with one or more co-defendants as alleged bears special consideration.   However, given the lack of a history of violent activity by him, the undersigned concludes that the conditions of release set out below will reasonably assure the Court that defendant Armin Harcevic will not be a danger to the community.

The undersigned concludes, also, that the conditions described below will reasonably assure the Court that defendant will not flee.  The government argues that defendant fled from St. Louis to California in January of this year when he learned co-defendant Ramiz Hodzic considered himself under investigation.   The record also contains a substantial basis for believing that defendant moved to San Jose for employment purposes.  Resolving this issue of fact is unnecessary.   No evidence has been presented that he used an alias or other device to avoid detection or identification in San Jose.

Therefore,

**IT IS HEREBY RECOMMENDED** that the order issued by the United States District Court for the Northern District of California that defendant Armin Harcevic be released from custody be AFFIRMED on review, but that such release be on the following modified conditions:

1. The signing by defendant and all his sureties of an appearance bond in the amount of $1,000,000.00, with sureties acceptable to the Court.
2. Defendant must not commit any federal, state, or local crime.
3. Defendant must not obstruct justice in this case or in any case.
4. Defendant must remain in the Eastern District of Missouri, with his wife and children residing in this judicial District at a location acceptable to the Court with the advice of the Pretrial Services Office.
5. Defendant must submit to supervision by the United States Pretrial Services Office in this District.
6. Defendant must deposit any passport with the registry of this Court and not apply for or obtain any other passport or travel document.

7.      Defendant must not possess any firearm, destructive device, or other dangerous weapon.

8.      Defendant must remain in the third-party custody of his wife and of two other residents of this District, acceptable to the Court with the advice of the Pretrial Services Office, who agree to supervise defendant and to report any violation of the conditions of release by him.

9.      Defendant must have no contact with any co-defendant without the presence of his counsel and the presence of defense counsel for each respective co-defendant.

10.     Defendant must not change his place of residence without the prior approval of the Pretrial Services Office and the Court.

11.     Defendant must submit to home detention with location monitoring as directed by the Pretrial Services Office, at the expense of defendant to the extent he is able to pay.

12.     Defendant may have no contact, directly or indirectly, with anyone outside the United States without approval of the Pretrial Services Office and the Court.

13.     Defendant and all who reside in his residence must agree to the visitation into this residence by the Pretrial Services Office without notice.

14.     Defendant may not access the internet for any purpose without the approval of the Pretrial Services Office and the Court.

The parties are advised that they have 14 days from the issuance of this Report and Recommendation to file any written objection to this Report and Recommendation.  The failure to file any timely, written objection may waive the right to appeal issues of fact.

**/S/     David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 14, 2015.

10