UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 4:15 CR 49 CDP / DDN |
| JASMINKA RAMIC, et al., | ) ) ) |
| Defendants. | ) |

## **DETENTION ORDER**

On March 31, 2015, defendant Jasminka Ramic came before the court with counsel for a hearing on the motion of the United States that defendant Ramic be detained under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, esp. § 3142.  (Doc. 10.)

Defendant Jasminka Ramic is charged by indictment in Count 1 with conspiring with 5 co-defendants to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; and in Count 3 with knowingly providing material supplies and resources, knowing this support was to be used to carry out a conspiracy to commit murder and maiming at locations outside the United States, also in violation of § 2339A.  (Doc. 1.)

Specifically, the indictment alleges defendant Ramic contributed her personal money to support Abdullah Ramo Pazara and others who were fighting in Syria, Iraq, and elsewhere and who were conspiring to murder and maim others; sought out others to support the alleged conspiracy and solicited money from them for that purpose; and used various means of electronic media to communicate with others in the conspiracy to encourage support for Abdullah Ramo Pazara and other foreign fighters in Syria, Iraq, and elsewhere, using coded language and fictitious names to avoid detection.  The indictment alleges she transferred a total of $700.00 on three different occasions to co-defendant Ramiz Hodzic: $300.00 on September 20, 2013; $250.00 on November 17, 2013; and $150.00 on December 23, 2013.  The court is advised that the maximum statutory

penalties upon conviction include imprisonment for not more than 15 years on each of Counts 1 and 3.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether or not defendant Ramic should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).  Congress has determined that the nature and circumstances of the offenses charged, specifically indicating whether they involve a crime of terrorism; the weight of the evidence against the defendant; her personal history and characteristics (especially family ties, employment, condition of health, length of time in the community, and criminal history); and the nature and seriousness of the danger to the community if released, are relevant factors for the court to consider.  18 U.S.C. § 3142(g).  Also, Congress has prescribed that, on the issue of detention or release before trial, defendant retains the presumption of innocence.  18 U.S.C. § 3142(j).

The government's case is aided by a statutory, rebuttable presumption.  The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed -- . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).   As stated, § 2339A carries a statutory maximum penalty that includes imprisonment for up to 15 years on each of Counts 1 and 3.  Therefore, the grand

2

jury's finding of probable cause in its return of the indictment creates the statutory, rebuttable presumption.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that she will not pose a danger to the community and will not flee. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). If she produces such evidence, the statutory presumption does not entirely disappear. Rather, the court must consider Congress's finding that violators of 18 U.S.C. § 2339A pose special risks of flight and danger to the community. Id

The parties have not objected to the statement of facts set forth in the written report of the Pretrial Services Office, Doc. 100. Therefore, the court hereby adopts and incorporates by reference into this Detention Order the facts set forth in that report. Further, the court has received the arguments of counsel for both parties, including those in defendant's motion for bond (Doc. 123).

From the record described above, the court finds that defendant Jasminka Ramic is 42 years of age. She was born in Bosnia in 1972. In 1992 she moved to Germany. In 1998 she moved to Bosnia. In 1999 in Germany she married her husband, also a native of Bosnia. In March 2000 she moved to the Netherlands. In October 2000 she entered the United States and settled in Rockford, Illinois. However, her husband and their two teenage children remain in Germany. She became a naturalized American citizen in 2006; she believes she may have retained her Bosnian citizenship. She reported she traveled to Bosnia to visit relatives in 2007 and 2013. Her parents reside in Bosnia; her three siblings reside in Austria and Bosnia. In November 2014 she moved back to Germany. Her American passport has been seized by the United States government.

In her interview with the pretrial services officer in this district she stated she could reside with a cousin in Rockford, Illinois; however, she desires to return to Germany. Her husband, who was born in Bosnia, is living with their two teenage children in Germany.

Defendant has been unemployed since 2007 because she is disabled from fibromyalgia and Hepatitis B. She suffers from post-traumatic stress disorder due to

events she witnessed as a child during the war in Bosnia. Counsel for defendant proffered to the court that defendant also suffers from uterine tumors that require monitoring.

She argues she voluntarily waived extradition from Germany to this court and flew to the United States with federal agents in order to clear her name and defend herself. She argues she does not have the financial resources to flee. She has no criminal record. Defendant proposes conditions of release which include a bond of $25,000.00 (secured by 10% cash deposit) and home detention in the residence of her cousin who lives in Rockford, Illinois. (Doc. 123.)

The government argues that defendant Ramic should be detained, for reasons including the nature of the charges against her, her relocation to Germany in November 2014, her expressed desire to return to Germany, her lack of ties to this judicial district, and the fact she considers herself having dual citizenship.

## Statutory Presumption for Detention

The court has given very careful consideration to whether or not defendant Ramic has rebutted the statutory presumption that a defendant with her charges is to be detained. "In a presumption case such as this, a defendant bears a limited burden of production--not a burden of persuasion--to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (8th Cir. 2001)). As stated above, if defendant rebuts the presumption, the presumption remains a relevant factor when considering the issues of potential flight and dangerousness. Id.

Facts successfully rebutting the presumption can include community and family support for the defendant, willingness of others to be third-party custodians, and the availability of substantial financial assets as security. Id. at 798. Similar facts and other factors, *i.e.* a minor criminal record, any willingness to relocate to this the charging district, and whether or not close family members reside in this district, may under certain circumstances favor defendant.

Danger to the Community and Risk of Flight

Relevant to whether defendant would be a danger to the community are her prior criminal history, the nature of the offenses charged in the indictment, and other indicia of dangerousness. The record before this court indicates that defendant Ramic has no prior criminal history.

The nature of the charges against defendant are very serious and Congress considers them so. The grand jury in this district found probable cause to believe that defendant transferred a total of $700.00 on three occasions to support terrorist fighters outside the United States.

Whether or not defendant Jasminka Ramic has rebutted the presumption for detention, her release on any condition would pose a strong risk of flight and a danger to the community. Congress considers the charges brought against defendant very serious. The maximum possible imprisonment upon conviction is a very substantial inducement for flight. Further, she has no personal tie to this district and only a moderate tie to Illinois. She emigrated from Europe to the United States without her husband and children. She has expressed her desire to return to Germany (although, without objection, she has proffered that she voluntarily waived extradition).

The court concludes by clear and convincing evidence that defendant Ramic's release on her own recognizance, an unsecured appearance bond, any other condition or combination of conditions will not reasonably assure the court that she will not flee and will not endanger the community by continuing to commit the criminal activity that Congress has prohibited by 18 U.S.C. § 2339A.  18 U.S.C. § 3142(b), (c).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant Jasminka Ramic be detained (Doc. 10) is sustained.   Defendant Ramic is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel and with defense counsel's retained investigator, paralegal, language interpreter, or other retained expert consultant.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                                  **/S/    David D. Noce**
                                                        **UNITED STATES MAGISTRATE JUDGE**

Signed on April 17, 2015.