UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15 CR 49 CDP / DDN |
| MEDIHA MEDY SALKICEVIC, et al., ) | |
| ) | |
| Defendants. ) | |

**DETENTION ORDER**

On March 11 and 23, 2015, defendant Mediha Medy Salkicevic came before the court with counsel for a hearing on the motion of the United States that defendant Salkicevic be detained under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, esp. § 3142.  (Doc. 8.)

Defendant Salkicevic is charged by indictment in Count 1 with conspiring with 5 co-defendants to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; and in Count 3 with knowingly providing material supplies and resources, knowing this support was to be used to carry out a conspiracy to commit murder and maiming at locations outside the United States, also in violation of § 2339A.

Specifically, the indictment alleges defendant Salkicevic contributed her personal money and collected money from others to support Abdullah Ramo Pazara and others who were fighting in Syria, Iraq, and elsewhere and who were conspiring to murder and maim others; used digital internet media to communicate with others, using coded language and aliases, about the actual fighting and killing outside the United States by persons who were supported by the money she contributed; transferred $1,500.00 to a co-defendant's financial account between August 10 and 12, 2013; transferred $1,200.00 to the co-defendant's account between October 6 and 10, 2013; and transferred $1,062 to this account on January 4, 2014.  The indictment also alleges that on October 19, 2013

co-defendant Hodzic and Salkicevic communicated with each other about the use to which two long sniper rifle scopes could be put.

The court is advised that the maximum statutory penalties upon conviction for the charged offenses include imprisonment for not more than 15 years on each count.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether or not defendant Salkicevic should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).  Congress has determined that the nature and circumstances of the offenses charged, specifically indicating whether they involve a crime of terrorism; the weight of the evidence against the defendant; her personal history and characteristics (especially family ties, employment, condition of health, length of time in the community, and criminal history); and the nature and seriousness of the danger to the community if released, are relevant factors for the court to consider.  18 U.S.C. § 3142(g).  Also, Congress has prescribed that, on the issue of detention or release before trial, defendant retains the presumption of innocence.  18 U.S.C. § 3142(j).

The government's case is aided by a statutory, rebuttable presumption.  The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed -- . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).   As stated, § 2339A carries a statutory maximum penalty that includes imprisonment for up to 15 years on Counts 1 and 3.   Therefore, the grand jury's finding of probable cause in its return of the indictment creates the statutory, rebuttable presumption.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that she will not pose a danger to the community and will not flee.   United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).   If she produces such evidence, the statutory presumption does not entirely disappear.   Rather, the court must consider Congress's finding that violators of 18 U.S.C. § 2339A pose special risks of flight and danger to the community.   Id

The parties have not made any substantial objection to the statements of fact set forth in the written reports of the Pretrial Services Offices in the Northern District of Illinois, where defendant was arrested, or in this district. (Doc. 55.)   Therefore, the court hereby adopts and incorporates by reference into this Detention Order the facts set forth in those reports.   Also before the court are Government Exhibits 1 through 10,[1] and 2a through 9a.

From the record described above, especially the pretrial services reports, the court finds that defendant Mediha Medy Salkicevic is 34 years of age.   She was born in Bosnia and came to the United States in 1999.   She is a naturalized American citizen.   She traveled to Bosnia in 2014; her U.S. passport was confiscated by the arresting agents.   Her father is deceased; her mother resides in Bosnia.   Of her four living siblings, three live in Bosnia and a sister in Illinois.   She has been married twice and has borne two children during each marriage.   She, her current husband, a legal U.S. resident, and all four minor children live in northern Illinois.   Defendant has no criminal record.

---

[1] Government Exhibit 10 is the Memorandum Opinion and Order issued by the United States Magistrate Judge in the Northern District of Illinois on February 10, 2015, ordering that defendant Salkicevic be detained until the issue of detention or release can be presented to this court.   This court has considered the matter *de novo*.

Defendant's husband told the pretrial services officer that he would be a surety on an appearance bond and defendant's third-party custodian. However, their financial circumstances are modest; both he and defendant work different shifts to be sure the children are cared for; and they personally do not have substantial money to secure a high bond amount. Defendant advised that her sister in northern Illinois helps care for their children.

Defendant reported she traveled to Bosnia in 2001, 2004, 2009, and 2014. Her husband also reported that defendant is building a house in Bosnia; it is currently under construction on land currently valued at a substantial amount, free and clear of debt. She has plans to return to Bosnia to raise her children.

Defendant herself assured the pretrial services officer in this district that she had friends who would post property to secure her release; her husband advised he was unaware of whom she referred. During the detention hearing, defendant proffered that a named individual in New York had debt free real property valued at $105,000.00, and another named person in Chicago had debt free real property valued at $114,000.00, both of whom would use the respective properties to secure defendant's release. Defendant has medical conditions for which she takes medication.

During the detention hearing substantial evidence was received that defendant has used two alias names in frequent internet communications with several people, including at least one co-defendant, indicating her very strong support for the armed and violent killing by others outside the United States alleged in the indictment. When she and two of her children were arrested on February 6, 2015 in Chicago on the instant indictment, during a traffic stop, defendant stated they were en route to getting their passports renewed so they could travel to Bosnia.

Statutory Presumption for Detention

The court has given very careful consideration to whether or not defendant Mediha Medy Salkicevic has rebutted the statutory presumption that a defendant with her charges is to be detained. "In a presumption case such as this, a defendant bears a limited burden

of production--not a burden of persuasion--to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (8th Cir. 2001)).  As stated, if defendant rebuts the presumption, the presumption remains a relevant factor when considering the issues of potential flight and dangerousness.  Id.

Facts successfully rebutting the presumption can include community and family support for the defendant, willingness of others to be third-party custodians, and the availability of substantial financial assets as security.  Id. at 798.  Similar facts and other factors, *i.e.* a minor criminal record and close family members residing in this district, may under certain circumstances favor defendant.

Danger to the Community and Risk of Flight

Relevant to whether defendant would be a danger to the community are her prior criminal history, the nature of the offenses charged in the indictment, the nature and strength of the government's evidence, and other indicia of dangerousness.  The record before this court indicates that defendant has no criminal record.  Yet, the nature of the charges against her are very serious and Congress considers them so.  They involve great violence for which she frequently used the internet to show her support.  The grand jury in this district found probable cause to believe defendant transferred a total of $3,762.00 during late 2013 and early 2014, when she and her husband and children were living in modest circumstances, while she traveled to Bosnia several times, including 2014, and while she was constructing a home in Bosnia.

Defendant presents a substantial risk for flight.  She has used several alias names, has ties outside the United States, is building a home outside the United States, and was planning to leave the United States when she was arrested.  Further, the potential penalties of imprisonment upon conviction in this case are a strong incentive for flight.

Whether or not defendant Mediha Medy Salkicevic has rebutted the statutory presumption for detention, the court finds by clear and convincing evidence that her release

5

upon her own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the court that she will appear in court as required and will not endanger the community by continuing to commit the criminal activity that Congress has prohibited in 18 U.S.C. § 2339A.  18 U.S.C. § 3142(b), (c).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant Mediha Medy Salkicevic be detained (Doc. 8) is sustained.   Defendant is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel and with defense counsel's retained investigator, paralegal, language interpreter, or other retained expert consultant.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                             /S/    David D. Noce
                                  **UNITED STATES MAGISTRATE JUDGE**

Signed on April 17, 2015.