UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  )  |
|  | ) No. 4:15 CR 49 CDP / DDN |
| SEDINA UNKIC HODZIC, et al., | ) ) |
| Defendants. | ) |

## ORDER SETTING CONDITIONS OF RELEASE

On March 11, 2015, defendant Sedina Unkic Hodzic came before the court with counsel for a hearing on the motion of this defendant (Doc. 61) for reconsideration of the detention order, issued on February 18, 2015, following defendant's waiver of a detention hearing,.  (Doc. 45.)

Defendant Sedina Hodzic is charged by indictment in Count 1 with conspiring with 5 co-defendants to provide material support to terrorists, in violation of 18 U.S.C. § 2339A; and in Count 3 with knowingly providing material supplies and resources, knowing this support was to be used to carry out a conspiracy to commit murder and maiming at locations outside the United States, also in violation of § 2339A.

Specifically, the indictment alleges this defendant sought out supporters and other conspirators in the United States and elsewhere, solicited and received money from them, contributed her personal money to support Abdullah Ramo Pazara and others who were fighting in Syria, Iraq, and elsewhere and who were conspiring to murder and maim others; transferred money and substantial military equipment to intermediaries who further transferred it to Pazara; used digital internet media to communicate with others, using coded language, about the actual fighting and killing outside the United States by persons who were supported by the money she contributed.  The court is advised that the maximum statutory penalties upon conviction for the charged offenses include imprisonment for not more than 15 years on each count.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether or not defendant Sedina Unkic Hodzic should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).  Congress has determined that the nature and circumstances of the offenses charged, specifically indicating whether they involve a crime of terrorism; the weight of the evidence against the defendant; her personal history and characteristics (especially family ties, employment, condition of health, length of time in the community, and criminal history); and the nature and seriousness of the danger to the community if released, are relevant factors for the court to consider.  18 U.S.C. § 3142(g).  Also, Congress has prescribed that, on the issue of detention or release before trial, defendant retains the presumption of innocence.  18 U.S.C. § 3142(j).

The government's case is aided by a statutory, rebuttable presumption.  The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed -- . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).   As stated, § 2339A carries a statutory maximum penalty that includes imprisonment for up to 15 years on Counts 1 and 3.  Therefore, the grand jury's finding of probable cause in its return of the indictment creates the statutory, rebuttable presumption.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that she will not pose a danger to the community and will not flee.  <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003).  If she produces such evidence, the statutory presumption does not entirely disappear.  Rather, the court must consider Congress's finding that violators of 18 U.S.C. § 2339A pose special risks of flight and danger to the community.  <u>Id</u>

The parties have not made any substantial objection to the statements of fact set forth in the original written report of the Pretrial Services Office (Doc. 22) and the supplemental pretrial services office report (Doc. 81).  Therefore, the court hereby adopts and incorporates by reference into this Detention Order the facts set forth in those reports.

From the record described above, including the motion for reconsideration and the statements of counsel, the court finds that defendant Sedina Unkic Hodzic is 35 years of age.  She was born in Bosnia and came to the United States in 1998.  She is a lawful permanent resident of the United States.  After coming to the United States, she lived in Washington, D.C., and Massachusetts before coming to St. Louis in 2000.  She and her husband (a co-defendant) have lived in St. Louis in a townhouse rented from friends.  They have three minor children; the youngest is 22 months of age.

Defendant's husband has been employed as a truck driver.  Up to 2010, defendant was employed full time.  In 2001 she received certification as a Nursing Assistant and in 2003 she received a Commercial Driver's License.

Defendant has a very minor criminal record of several traffic offenses, including two failures to appear, all of which has been resolved and are no longer active. Defendant's mother is deceased.  Her father resides in Bosnia.  Her two siblings live in Italy and Bosnia.

Defendant has personal friends and support in the St. Louis community.  Such individuals are currently helping her children and would help her if she is released on bond.

<u>Statutory Presumption for Detention</u>

3

The undersigned has given very careful consideration to whether defendant has rebutted the statutory presumption that a defendant with her charges is to be detained. "[The] defendant bears a limited burden of production--not a burden of persuasion--to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (8th Cir. 2001)).  As stated above, if defendant rebuts the presumption, the presumption remains a relevant factor when considering the issues of potential flight and dangerousness.  Id.

Facts successfully rebutting the presumption can include community support for the defendant, willingness of others to be third-party custodians, and the availability of substantial financial assets as security.  Id. at 798.  Similar facts and others, i.e. a minor criminal record, residence in the charging district, and close family members residing in this district, favor defendant.

The undersigned concludes that, in defendant's circumstances, defendant has rebutted the statutory presumption for detention.  Congress's consideration of the seriousness of violations of § 2339A remains a strong factor in the consideration of whether there are conditions of release that would reasonably assure that the release of defendant will not endanger the community or involve a risk of flight.

Danger to the Community and Risk of Flight

Relevant to whether defendant would be a danger to the community or a risk of flight are her prior criminal history, the nature of the offenses charged in the indictment, and other indicia of dangerousness.  Again, the record before this Court indicates that defendant has a very minor criminal history which has been resolved.

The undersigned concludes that the conditions described below will reasonably assure the court that defendant will not flee and will not pose a danger to the community. 18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Sedina Unkic Hodzic for reconsideration of the detention order previously issued (Doc. 61) is sustained.

**IT IS FURTHER ORDERED** that defendant Sedina Unkic Hodzic be released on the following Conditions of Release:

1. Defendant must sign an appearance bond in the amount of $250,000.00, with sureties acceptable to the court.

2. Defendant must not commit any federal, state, or local crime.

3. Defendant must not obstruct justice in this case or in any case.

4. Defendant must remain in the Eastern District of Missouri and reside with her children at a location acceptable to the court with the advice of the Pretrial Services Office.

5. Defendant must submit to supervision by the United States Pretrial Services Office in this District.

6. Defendant must deposit any passport with the registry of this court and not apply for or obtain any other passport or travel document.

7. Neither defendant nor any other person residing in the residence may possess any firearm, destructive device, or other dangerous weapon.

8. Defendant must remain in the third-party custody of two individuals acceptable to the court, who agree to supervise defendant and to report any violation of the conditions of release by her.

9. Defendant must have no contact with any co-defendant without the presence of her counsel and the presence of defense counsel for each respective co-defendant.

10. Defendant must not change her place of residence without the prior approval of the Pretrial Services Office and the court.

11. Defendant must submit to home detention with location monitoring as directed by the Pretrial Services Office.

12. Defendant may have no contact, directly or indirectly, with anyone outside the United States without approval of the Pretrial Services Office and the court.

      13.    Defendant must agree to the visitation into her residence by the Pretrial Services Office without notice.

      14.    Neither defendant nor any other person residing in the same residence may access the internet for any purpose, without the prior approval and under the supervision of the Pretrial Services Office.

                                               **/S/    David D. Noce**
                                          **UNITED STATES MAGISTRATE JUDGE**

Signed on April 17, 2015.