IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>RAMIZ ZIJAD HODZIC,  )<br>  a/k/a Siki Ramiz Hodzic  )<br>SEDINA UNKIC HODZIC,<br>NIHAD ROSIC,<br>  a/k/a Yahya AbuAyesha Mudzahid,<br>MEDIHA MEDY SALKICEVIC,<br>  a/k/a Medy Ummuluna,<br>  a/k/a Bosna Mexico,<br>ARMIN HARCEVIC, and<br>JASMINKA RAMIC.<br><br>  Defendants. | Cause No. 4:15-CR-0049 CDP- DDN<br><br>**MOTION FOR<br>FUNDS FOR EXPERT<br>CONSULTANT** |

**MOTION**

Comes now Armin Harcevic, by and through undersigned counsel, pursuant to 18 USC § 3006A(e)(1) and *Ake v. Oklahoma,* 470 U.S. 68, 84 L.Ed.2d 53 (1985), and moves this court for an order authorizing the employment of an expert Serbo-Croatian language[1] translator. Defendant Harcevic seeks funds in the amount of $3,000 to employ the expert to translate 179 minutes of his telephonic conversations intercepted by the government and to translate an estimated 25 pages of electronic communications between Mr. Harcevic and one or more of the co-conspirators in which Mr. Harcevic was a direct participant.

---

[1] Serbo-Croatian is the language of the former Yugoslavia and is spoken in the regions of Serbia, Croatia, Bosnia and Montenegro.  Each region has different dialects.  The differences however are slight, similar to the differences between American, British, and Australian English.  A qualified translator is capable of handling all regional dialect differences.

1

In addition to Mr. Harcevic's statements, the government has provided in discovery more than 600 phone calls and hundreds of thousands of pages of Facebook posts and other electronic communications between the co-conspirators in which Mr. Harcivic was not a participant.  Like Mr. Harcevic's communications, these communications are also in Serbo-Croatian (Bosnian dialect).  Mr. Harcevic is not requesting funds to translate these calls at this time.  Instead, Mr. Harcevic seeks that the Court order translations made at Court expense or by the FPD at their expense, of this discovery be furnished to him.  Likewise, Mr. Harcevic will furnish translations made on his behalf to the other defendants.  This is suggested in an effort to conserve court funds.

## MEMORANDUM OF LAW

Pursuant to 18 USC § 3006A(e)(1), defendants are entitled to expert assistance at the government's expense once a threshold showing of indigency and necessity has been made.

As grounds for this motion, Armin Harcevic submits that he is an indigent defendant and requires a Serbo-Croatian translator out of necessity by the following:

Mr. Harcevic was previously found indigent by the Northern District of California and was appointed a FPD to represent him during his preliminary detention hearings which occurred in the California.  After Mr. Harcevic's detention hearing the Constitutional Law Center for Muslims in America (CLCMA) accepted Mr. Harcevic's case on a pro bono basis.   Attorneys Charles Swift and Catherine McDonald of CLCMA entered appearances on behalf of Mr. Harcevic.

Armin Harcevic is charged with conspiracy to support terrorism and material support of terrorism in violation of 18 U.S.C. 2339(a).  In conjunction with these charges, the government has proffered to the court that government is in possession of a large volume statements

allegedly made by the conspirators during the course of their conspiracy.  These statements were primarily made on the Facebook pages of the conspirators.  In addition to statements made in electronic correspondence, the government has indicated the government is in possession of recorded statements between the conspirators. The government has indicated that the overwhelming of these statements are in Serbian.  To date, the government has furnished Mr. Harcevic with eight (of ten) sets of discovery materials. These materials contain 23 audio files containing 179 minutes of audio of Mr. Harcevic, along with 533 additional audios from the co-conspirators (overall time unknown).

In order to review discovery provided by the government and determine the veracity of the recording translations made by the government, an expert consultant qualified for translation of Serbo-Croatian to English is required for Mr. Harcevic's defense.  Counsel for defendant Mr. Harcevic has identified a potential translator: Janja Pavetic-Dickey, a Certified Bosnian/ Croatian/ Serbian translator and Former U.N. in-house interpreter and translator with 20 years of experience, (See Attached curriculum vitae  - Exhibit 1), as a suitable expert to assist the defendant in the area of Serbian/Bosnian translation.

The defense estimates the cost needed for the translation we need will be $3,000.00.[2]  We request the court approve the translation at this amount.

   a. **Defendant Harcevic is entitled to expert assistance at government expense.**

Armin Harcevic was previously found indigent and received a court appointed attorney. Shortly thereafter, Mr. Harcevic's family contacted the Muslim Legal Fund of America (MLFA) and asked MLFA (the organization which funds CLCMA) to assist in providing counsel for Mr. Harcevic and his federal criminal matter.   He is now represented by the undersigned counsel.

---

[2] This is based on the estimate of 180 minutes of audio at 10 minutes of translator time = 30 hours, 25 pages of documents estimated to take 10 hours, and 10 hours for consultation time before and after with the translator.  Total of 60 hours.  The CJA translator rate of $50-$60/hour would be the translator rate we would seek.

3

Mr. Harcevic, in waiving his right to a public defender and opting for pro bon services from counsel at a non-profit constitutional law center, should not be seen as having waived his indigent status or any of the benefits that are made available to him as a result of that status.  While no case in the federal court system has considered this question, the states, however, have considered the issue.  As the Supreme Court of Delaware explained in *Pendry v. State*, A.2d 624, 626 (Del. 1976), "[Those rights are] not lost by an indigent defendant who has parents financially able to pay the expenses ... or the fees of privately-retained counsel. (Citations omitted). *Id*. at 626. This sentiment is shared by other courts that have considered the issue. See, e.g., *State v. Morgenstein*, 371 A.2d 96 (N.J.Super.Ct.App.Div. 1977); and *State v. Breen*, 100 Nev. 85, 86 (Nev. 1984). Defendant Mr. Harcevic submits that this court should similarly find that his family's procurement of pro bono  counsel on his behalf in place of appointed counsel does not constitute waiver of indigent status or other entitlements granted to indigent defendants.

   b. **Expert assistance in the form of a Serbian translator is necessary to verify any government's Serbian transcription and to translate any discovery provided in Serbian.**

On May 18, 2015, this Court ordered "the United States commence providing, as soon as practicable, to each defendant through counsel duplicate digital disk copies of all declassified materials and information, subject to the Protective Order issued previously by the court." (Doc. 171)

Counsel does not speak Serbo-Croatian. In order to determine the veracity of translations made by the government and to review the calls and emails exchanged, an expert consultant qualified for translation of Serbo-Croatian to English is required for Mr. Harcevic's defense.

4

### c. The funds sought by defendant Mr. Harcevic are reasonable and necessary.

Mr. Harcevic requests funds in the amount of $3,000 in order to translate the calls and written communications in which he directly participated, and to permit up to 10 hours consultation between his attorneys and the translator and for the translator to participate in conferring with the government should there be material differences between the defense and government translations.

Employment of an expert is reasonable. Although Mr. Harcevic is out of custody and has the physical ability to review the provided material, he is not a translator and does not possess the knowledge to make written translations of the conversations into English. Further he is not a disinterested expert on the content of the communications.

Mr. Harvcevic's limited request and proposal to share translation assets conserves funds. In addition to Mr. Harcevic's statements, the government has provided in discovery more than 600 phone calls and hundreds of thousands of pages of Facebook posts and other electronic communications between the co-conspirators in which Mr. Harcivic was not a direct participant. Like Mr. Harcevic's communications, these communications are also in Serbo-Croatian and will require translation. Instead of requesting additional funds for these translations, Mr. Harcevic seeks that the Court order that translations made at Court expense or by the FPD at their expense to be furnished to him. Likewise, Mr. Harcevic will furnish translations made on his behalf to the other defendants.

WHEREFORE, Armin Harcevic respectfully moves this Court to ORDER that an expert translator be compensated by the Court at the normal rate as indicated above for the purpose of assisting counsel in the preparation and presentation of Armin Harcevic's case, totaling not more than $3,000.00;

5

Further, that counsel may make application to this court for additional funds if needed;

Respectfully submitted this 18th day of November, 2015.

By: /s/ *Charles Swift*
Charles D. Swift, Pro Hac
Attorney for ARMIN HARCEVIC
CLCMA
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
(972) 914-2507
cswift@clcma.org

By: /s/ *Catherine McDonald*
Catherine McDonald, Pro Hac
Attorney for ARMIN HARCEVIC
CLCMA
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
(972) 914-2507
cmcdonald@clcma.org

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of defendant Harcevic's **Motion For Funds for Expert Consultant** was electronically filed and served on the Court's electronic filing system:

DATED this 18th day of November, 2015.

                                                 /s/ Charles D. Swift
                                          Charles D. Swift
                                          Pro Hac Attorney for Armin Harcevic
                                          833 – E. Arapaho Rd., Ste. 102
                                          Richardson, TX  75081
                                          Tel: (972) 914-2507
                                          Fax: (972) 692-7454
                                          cswift@clcma.org