**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 4:15-CR-00049 CDP- DDN** |
| **vs.** | |
| **ARMIN HARCEVIC,** | |
| **Defendant** | |

_____

**DEFENDANT ARMIN HARCEVIC'S OBJECTION TO REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

Comes now Defendant Armin Harcevic, by the through counsel, Charles Swift, and objects to the Report and Recommendation of the Magistrate Judge (Doc. 328) ("R&R") regarding Defendant's Motion to Dismiss Indictment. In support of his objections, Defendant states as follows:

Defendant moved to dismiss both counts against him (Counts I and III) on the grounds that the indictment failed to specifically charge facts in support of the requisite specific intent under the substantive charging statute, 18 U.S.C. § 2339A, providing material support or resources knowing and intending that the material support or resources would be used to commit murder or maiming abroad, in violation of 18 U.S.C. § 956(a). Mr. Harcevic argued that the indictment was deficient, because it (1) failed to allege facts supporting the contention that Defendant's intent was to aid in murder or maiming overseas, rather than an intent merely to aid in fighting overseas, and (2) relied on legal theories not applicable to § 2339A. He also urged

1

that the persons he allegedly intended to aid were not committing murder because they were in fact lawful belligerents whose acts do not constitute murder under international law.

The Magistrate Judge recommended that Defendant's Motion to Dismiss be denied under both theories.

Urging all of his previous arguments, Mr. Harcevic objects to the Court's recommendation; reasserts that the indictment is insufficient on its face and that he has an affirmative defense under the theory of lawful combatant immunity; and also makes the following two specific, additional objections to the R&R:

**I.      Because the indictment must provide more information about the kind of murder alleged, Mr. Harcevic objects to the R&R's conclusion that the Government provided sufficient information about the murder in the indictment.**

An indictment for a violation of a statute based on 18 U.S.C. § 1111 must specify what degree of murder is alleged or at least provide sufficient details about the murder so that it may be identified. *See United States v. Awan*, 459 F. Supp. 2d 167, 176 (E.D.N.Y. 2006) (dismissing counts alleging the same offenses Mr. Harcevic is accused of because the indictment did not specify the degree of the murder). Therefore, relying on the *Awan* decision, Mr. Harcevic objects to the R&R's conclusion that the indictment provided sufficient details about the murder. *See* R&R at 15 ("The indictment's specific factual allegations create the context in which the express statutory language alleging defendants' knowledge and specific intention indicate the defendants knew how the support and resources they provided would be used by Pazara and the others. The indictment's context includes the allegations . . . regarding Pazara's fighting being the commission of acts of violence that included killing and maiming people.").

The Government should have provided additional details about the alleged conspiracy to commit murder, such as the degree of murder alleged. *Awan*, 459 F. Supp. 2d at 176. In *Awan*, as

in this case, the government charged the defendant with a conspiracy to provide material support for a conspiracy to murder and maim abroad, as well as the underlying material support offense. *Id.* at 173. As here, the government in *Awan* used language in the indictment that tracked the statute precisely. *Id.* Nevertheless, the *Awan* court held that "the fact that murder under 18 U.S.C. § 1111 [which is incorporated by 18 U.S.C. § 956, the target offense of 18 U.S.C. § 2339A] includes both first and second degree murder means that one cannot be certain as to the basis of the grand jury's action." *Id.* at 176. Accordingly, the court dismissed both charges— material support and the conspiracy to provide material support—and instructed as follows: "[i]f the government seeks to reindict, it would be well advised to specify the degree of murder which the grand jury considered or provide sufficient facts so that the murder alleged can be identified." *Id.* at 176 n.10. Such instructions should apply in this case as well.

Here, the R&R found the indictment to be sufficient, because, tracking the language of the statute, it alleged that Mr. Harcevic knew that Mr. Pazara and others "were engaged in violent activities overseas, including conspiring to murder and maim persons, and further knew and intended that the materials, money, supplies, and property that were provided to" Mr. Pazara "would be used to support said individuals who were fighting with, and in support of the designated FTOs." R&R at 12. This language, though, does not contain sufficient information for Mr. Harcevic to glean what murder or even what *degree* of murder is alleged.[1] Therefore, the indictment should be dismissed.

---

[1] While the indictment does describe one act that would constitute first-degree murder—the killing of a prisoner of war—this act allegedly took place on March 21, 2014, nearly six months after Mr. Harcevic allegedly gave his money. Indictment ¶ 39. Unless the government intends to argue that Mr. Harcevic provided material resources intending to support a conspiracy to commit *this* murder, the allegation still does not provide any details about Mr. Harcevic's alleged murder conspiracy. And, although the indictment refers vaguely to "fighting," it is impossible to know whether the indictment alleges second or first degree murder or why the "fighting" constituted

3

**II.**    **Because the combatant immunity defense must be determined by the Court as a matter of law, Mr. Harcevic objects to the R&R's implication that the defense should be determined by a jury.**

While Mr. Harcevic agrees that he has a potential combatant immunity defense and that there should be an evidentiary hearing on his defense, Mr. Harcevic objects to the R&R to the extent it implies that the combatant immunity defense "is to be decided by the jury in the trial of the offense charged in the indictment." R&R at 20. In fact, the combatant immunity defense must be determined as a matter of law by the Court. *See United States v. Lindh*, 212 F. Supp. 2d 541, 553 (E.D. Va. 2002) (noting that the lawful combatant immunity doctrine "forbids ***prosecution*** of soldiers for their lawful belligerent acts committed during the course of armed conflicts against legitimate military targets") (emphasis added).[2] Mr. Harcevic asserts that if Pazara and his associates would have been immune from prosecution for murder abroad under the doctrine of combat immunity as a matter of law then he is likewise immune from prosecution for materially supporting the belligerents.

Respectfully submitted,


/s/ Charles D. Swift
Charles D. Swift,
Constitutional Law Center for Muslims in America
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
(Phone) 972-914-2511
(Fax) 972-692-7454
cswift@clcma.org

Pro Hac Attorney for Armin Harcevic

---

murder. Again, the indictment must provide at least enough information for Mr. Harcevic to know whether first or second degree murder is alleged. *Awan*, 459 F. Supp. 2d at 176.

[2] Of course, Mr. Harcevic reserves the right to mount other defenses, which may be determined by a jury.

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of defendant Harcevic's OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE was electronically filed  and served to all parties via CM/ECF on the Court's electronic filing system.

DATED this 9th day of September, 2016.

_____/s/ Charles D. Swift_____
Charles D. Swift
Pro Hac Attorney for Armin Harcevic
833 – E. Arapaho Rd., Ste. 102
Richardson, TX  75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org

5