**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 4:15 CR 00049 CDP (DDN)** |
| | ) | |
| **NIHAD ROSIC,** | ) | |
| | ) | |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE TO**
**DEFENDANT'S MOTION TO DISMISS**

Comes now Defendant NIHAD ROSIC (hereinafter referred to as "Rosic"), by and through counsel, and for his Objections to the Defendant's Motion to Dismiss, states as follows:

1.      On September 7, 2016, United States Magistrate Judge Noce issued the Report and Recommendations denying the Defendant Rosic's Motion to Dismiss (Document 225).   Defendant objects to the factual finding and conclusions of law contained in said Report and Recommendation, as follows:

(a)      Defendant's Motion to Dismiss urged the Court to dismiss Count I because it illogically and absurdly alleges that the Defendants, including Defendant Rosic, conspired to prepare to conspire.

(b)      Defendant's Motion to Dismiss Counts I and III of the Indictment was predicated on the grounds that the Indictment failed to specifically charge facts in support of the requisite intent under 18 U.S.C. § 2339A, providing material support or resources knowing and intending that the material support or resources would be used to commit murder or maiming abroad, in violation of 18 U.S.C. § 956(a).   In his Motion, Defendant Rosic urged the Court to deem

1

the Indictment deficient because the knowledge or intent to support a conspirator was not the same thing as supporting a conspiracy and, in the alternative, that Pazara used the funds to provide food and medicine to the local population or other personal uses for something other than to constitute a conspiracy to commit murder.

(c)    As to the Motion to Dismiss Count III of the Indictment, Defendant urged the Court that in order to commit a crime under § 956, there must be some specific facts concerning the conspiracy; however, the Indictment does not allege that Defendant Rosic was personally involved in any act of violence or anticipated violence, nor that he intended the commission of any specific act of violence.  Further, § 956 states that the "act" must constitute murder or maiming that would be illegal if "committed in the special maritime and territorial jurisdiction of the United States."  Each of these terms are defined in 18 U.S.C. § 111(a) (murder) and 18 U.S.C. § 114 (maiming) and include specific scienter requirement.  A review of the Indictment, however, fails to include any act or acts which provide the scienter requirement to Defendant Rosic.

(c).    As stated above, the Defendant objects to the recommendations of the United States Magistrate and reasserts that the Indictment is insufficient on its face or that that he has an affirmative defense under the theory of lawful combatant immunity; and states he will file the requisite notice of affirmative defense so that the evidence may be presented or developed in support of this defense in pretrial proceedings.

2

Respectfully submitted,

*/s/ JoANN TROG*

JoANN TROG                                 42725MO
Attorney for Defendant Rosic
121 West Adams Avenue
St. Louis, Missouri 63122
Telephone:   (314) 821-1111
Facsimile:    (314) 821-9798
E-Mail:       Jtrogmwb@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matthew Drake, Kenneth Tihen and Howard Marcus, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102 and Mara M. Kohn, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530; Diane Dragon, Kevin Curran and Michael Dwyer, Attorneys for Defendant Ramiz Zijad Hodzic, 1010 Market Avenue, Suite 200, Saint Louis, Missouri 63101; Paul D'Agrossa and Susan Kister, Attorneys for Defendant Sedina Unkic Hodzic, 7710 Carondelet Avenue, Suite 200, Clayton, Missouri 63105; Andrea E. Gambino, Attorney for Defendant Mediha Medy Salkicevic, 53 West Jackson Boulevard, Suite 224, Chicago, Illinois 60604; and Charles D. Swift and Catherine McDonald, Attorneys for Defendant Armin Harcevic, 833 E. Arapaho Road, Suite 102, Richardson, Texas 75081.

/S/ *JoANN TROG*

3