| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4: 15 CR 00049 CDP |
| | ) | (DDN) |
| | ) | |
| MEDIHA MEDY SALKICEVIC, et al. | ) | |
| Defendants. | ) | |

### *DEFENDANT MEDIHA SALKICEVIC'S OBJECTIONS TO THE REPORT AND RECOMMENDATION, DENYING THE MOTION TO DISMISS THE INDICTMENT*

Defendant Mediha Salkicevic, through counsel, respectfully submits the following objections to the Report and Recommendation of the Magistrate Court, denying the defendants' Motions to Dismiss:

(1)     The indictment alleges that Abdullah Ramo Pazara was fighting with and in support of Al-Qa"ida in Iraq, Al-Nusrah Front, the Islamic State of Iraq and the Levant, and the Islaminc State of Iraq and Syria.  The indictment covers a time period of May 2013 until February 5, 2015.  It is not factually sufficient to state that Abdullah Ramo Pazara was fighting with and in support of each of these organizations, because (1) they do not name the same organization; (2) to the extent that each represents a different organization, it makes no sense that Abdulla Ramo Pazara would be either fighting with or in support of each of them, since they each have, or had, different leadership, different agenda, and different religious points of view; and (3) the United States covertly has been supporting some of the same organizations because they were fighting against the Syrian leader, Bashar al-Assad.  "From 2011 onwards, US support for the Syrian insurgency in alliance with the Gulf states and Turkey was providing significant arms and cash to AQI fighters."

1

Amed, Nafeez, "Pentagon Report Predicted West's Support for Islamist Rebels Would Create ISIS: Anti-ISIS Coalition knowingly sponsored violent extremists to "Isolate" Assad, Rollback Shia Expansion,"  INSURGE INTELLIGENCE [May 22, 2015].

(2)	The Court's citation to *United States v. Omar,* 786 F.3d 1104, 1112-13 (8th Cir. 2015), and *United States v. Hassan*, 742 F.3d 104, 140 (4th Cir. 2014), do not support its contention that the essential elements of Count 1 are alleged in the indictment.  The Court in *United States v. Omar*, did not address this specific issue, but was reviewing the admissibility of evidence as related to the conspiracy count alleged against defendant Omar.  In *Hassan,* the Court required that the defendant know and intend that his material support was going to be used to commit a specific violent crime – not the commission of yet another inchoate offense:

> Material support is defined as "any property, tangible or intangible, or service," including "currency," "training," "expert advice or assistance," "weapons," or "personnel." 18 U.S.C. § 2339A(b)(1). The third element required the government to establish that Yaghi acted "with the knowledge or intent" that such material support or resources would be used to commit a **specific violent crime**, in this instance a violation of 18 U.S.C. § 956. See Stewart, 590 F.3d at 113.

*United States v. Hassan*, 742 F.3d 104, 140-141, 2014 U.S. App. LEXIS 2104, *89, 93 Fed. R. Evid. Serv. (Callaghan) 758, 2014 WL 406768 (4th Cir. N.C. 2014).  The indictment fails to allege a specific violent crime that Ms. Salkicevic knew about or intended to support, prior to its occurrence.  Furthermore, there is no information in the indictment that would advise her about how the government contends that she knew or intended that the support she sent to a co-defendant in the United States would be used to support a designated Foreign Terrorist Organization, or that it would be used to support an agreement to commit an unspecified act of murder or maiming.

2

The decision in *United States v. Stewart,* 590 F.3d 93, 116 (2d Cir. 2009), does not further the Magistrate's argument. At issue in *Stewart* was a question of proof at trial, concerning communications between the defendants and the leader of their group who was imprisoned and seeking to communicate with the rest of the group about his desire that the group stop supporting the ceasefire then in place, knowing full well the consequences of relaying such a message. The validity of the indictment was not at issue, and the Stewart case is easily distinguished from the case at bar on its facts.

The Magistrate's Recommendation does not address the indictment's failure to allege facts that would support the **knowing and intending** language that it cites from 18, United States Code, Section 2339A(b), nor does it address how it is possible to agree "to prepare for" a conspiracy, or agreement, to commit murder or maiming, especially when the "fighting" alleged occurs in the context of a civil war. The FTOs referred to in the indictment were/are also receiving overt and/or covert aid from the United States government and its allies in the region, for the same purpose – to defeat or stop Bashar al-Assad from murdering his own people, and to protect the civilians who are caught in the middles of the terrifying conflict.

(3)     The Magistrate Court cites to *United States v. Khan*, in support of its finding that it is not illogical or unusual" to charge a conspiracy to commit another conspiracy;" however, the decision relied upon stands for the proposition that this is possible when the elements are separate and distinct:

> Courts have recognized that one conspiracy can serve as the predicate for another conspiracy when the "[overarching] conspiracy and the predicate conspiracy are distinct offenses with entirely different objectives." *United States v. Pungitore*, 910 F.2d 1084, 1135 (3rd Cir. 1990); see also *United States v. Ruggiero*, 726 F.2d 913, 918 (2nd Cir. 1984) (holding that

3

conspiracies can serve as predicate acts for a RICO conspiracy); *United States v. Brooklier*, 685 F.2d 1208, 1216 (9th Cir. 1982) (same).

*United States v. Khan,* 461 F.3d 477, 493, 2006 U.S. App. LEXIS 22447, *32 (4th Cir. Va. 2006). It cannot be said that the two conspiracies alleged in this case are "distinct offenses with entirely different objectives." The way in which the indictment is charged renders the two conspiracies intricately intertwined. The conspiracy alleged in Count 1 is an agreement to prepare to agree to the conspiracy alleged in Count 2, in which not all the members of the original conspiracy are alleged to have participated. The allegations as applied in this case, violate the defendants' right to Due Process, by failing to provide sufficient notice about the specific agreement, conduct, or type of violence they are being charged with agreeing to prepare to agree to participate in. The agreements are too far removed from any specific conduct, and the specific conduct is never alleged. The allegations are too vague to be able to construct a proper defense.

(4) The Report and Recommendation errs in finding that "[t]he indictment's specific factual allegations create the context in which the express statutory language alleging defendants' knowledge and specific intention indicate the defendants knew how the support and resources they provided would be used by Pazara and the others." This is, however, not sufficient to defend against what is actually charged – not that the defendants know or didn't know what the support would be used for – but that they agreed to prepare to agree to support killing and maiming. It is not enough to allege that any defendant knew what the support provided would be used for, the statute requires also that the defendants agreed to participate in object of the second conspiracy – killing and maiming. There are no

4

facts alleged in the indictment that would give Ms. Salkicevic, or the other defendants, notice of how to defend against the agreement to prepare to participate in yet another agreement to kill and maim unspecified individuals. Foreign fighters were fighting against Bashar al-Assad and attempting to protect Syria's civilians from being killed and maimed during the course of an horrendous civil war. Insufficient facts are alleged to be able to defend against the charge that the defendants, rather than seeking to help innocents, were engaged in an agreement to kill and maim.

(5) Finally, the Report And Recommendation does not address the incongruence of the United Stats bringing allegations against individuals who are involved in supporting a war against a dictatorial leader, when it is the policy of the United States government to provide aid and support to some of the very same groups and individuals who are fighting against Assad in Syria.

WHEREFORE, defendant MEDIHA SALKICEVIC, through counsel, respectfully requests that the District Court reject that Report and Recommendations of the Magistrate Court, and grant the defendants' Motions to Dismiss.

DATE: September 12, 2016          Respectfully submitted,

                                  By:    s/Andréa E. Gambino
                                         Attorney for MEDIHA SALKICEVIC

Law Offices of Andrea E. Gambino
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois 60604
(312) 322-0014
agambinolaw@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which sent

notification of such filing to the following:

Matthew Drake, Esq.
Howard J. Marcus, Esq.
Kenneth R. Tihen, Esq.
Assistant United States Attorneys

and I hereby certify that I have mailed by United State Postal Service, or

hand-delivered the document to the following non-CM/ECF participants:

N/A.

DATE:     November 19, 2015     Respectfully submitted,

By:    s/Andréa E. Gambino
       Attorney for Mediha Salkicevic

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 1332
Chicago, Illinois 60604
(312)322-0014
agambinolaw@gmail.com