UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 00049 CDP/DDN |
| | ) | |
| RAMIZ ZIJAD HODZIC, | ) | |
| a/k/a Siki Ramiz Hodzic, | ) | |
| | ) | |
| SEDINA UNKIC HODZIC, | ) | |
| | ) | |
| NIHAD ROSIC, | ) | |
| a/k/a Yahya AbuAyesha Mudzahid, | ) | |
| | ) | |
| MEDIHA MEDY SALKICEVIC, | ) | |
| a/k/a Medy Ummuluna, | ) | |
| a/k/a Bosna Mexico, and | ) | |
| | ) | |
| ARMIN HARCEVIC | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION CONCERNING MOTIONS TO DISMISS

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Matthew T. Drake, Howard Marcus, and Kenneth Tihen, Assistant United States Attorneys for said District, Mara Kohn and Joshua Champagne, Trial Attorneys for the United States Department of Justice, National Security Division, Counterterrorism Section, and submit the following in response to the defendants' objections to the report and recommendation concerning the motions to dismiss.

1

All defendants individually filed motions to dismiss the Indictment.[1]  On September 7, 2016, the United States Magistrate Court issued a Report and Recommendation denying the defendants' motions. (ECF #328).    All five defendants objected to the Report and Recommendations.    In their objections, the defendants mainly restate arguments that were levied in their original motions to dismiss.    Inasmuch, the Government respectfully directs the Court's attention to, and relies upon, the Government's initial response to the defendant's collective motions.    (ECF # 261).

The defendants' objections generally fall into three categories.    First, that the Indictment failed to sufficiently allege the requisite <u>mens rea</u> or mental state.    The defendants argue that the Indictment failed to allege sufficient facts of the defendant's intent to aid in a conspiracy that constituted the offense of murder or maiming in violation of Title 18, U.S.C. § 956.    Second, that the Indictment improperly alleged a conspiracy to conspire to violate the law.    Third, that the defendants are entitled to a defense that Abdullah Ramo Pazara (a co-conspirator) was a lawful combatant; and their support of Pazara and other conspirators was permissible and not unlawful. Each of these arguments will be addressed respectively.

## **INTRODUCTION**

On February 5, 2015, criminal proceedings were initiated against the captioned defendants. A Grand Jury in the Eastern District of Missouri charged the defendants with two counts of Providing Material Support to Terrorists, in violation of Title 18, U.S.C. § 2339A (Counts I and III).

---

1 See, defendant Ramiz Hodzic ECF # 236 and 237;   defendant Mediha Salkicevic ECF #230 and 231; defendant Nihad Rosic ECF #225 and 227; defendant Sedina Hodzic ECF #2232 and 224; defendant Armin Harcevic ECF # 208 and 212.

Count I of the Indictment alleges a conspiracy.    The Indictment specifically states:

> [b]eginning on a date unknown but no later than in May 2013, and continuing to the present [February 2015]. . . Ramiz Zijad Hodzic a/k/a Siki Ramiz Hodzic, Sedina Unkic Hodzic, Nihad Rosic a/k/a Yahya Abuayesha Mudzahid, Mediha Medy Salkicevic a/k/a Medy Ummuluna a/k/a Bosna Mexico, [and] Armin Harcevic, [] the defendants herein, and Abdullah Ramo Pazara, a/k/a Abdullah Ramo Mudzahid, a/k/a Abdullah Pazara, a/k/a Abdullah Al Amriki, named but not indicted, and other persons known and unknown to the Grand Jury, (hereinafter in Count I, collectively "the members of the conspiracy"), did knowingly and willfully combine, conspire, confederate and agree with each other, to provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including: currency and monetary instruments (collectively "money"), and property to include: United States military uniforms, combat boots, military surplus goods, tactical gear and clothing, firearms accessories, optical equipment and range finders, rifle scopes, and equipment, knowing and intending that such money and property were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to commit at places outside of the United States acts that would constitute offenses [of] murder and maiming if committed in the special maritime and territorial jurisdiction of the United States, with one or more of the conspirators committing an act within the jurisdiction of the United States to effect the object of the conspiracy.

Indictment Count I, ¶ 2.

The distinguishing feature of a conspiracy is the agreement to violate the law.    Iannelli v. United States, 420 U.S. 770, 777 (1975).    The Government need not prove that each defendant knew every detail of a charged conspiracy.    However, the Government must prove that each defendant adopted the conspiracy's main objective.    United States v. Crossley, 224 F.3d 847, 856 (6th Cir. 2000).

While Count I alleges a conspiracy, Count III alleges a substantive offense.    Count III tracks the language of the statute and alleges that the five defendants:

> did knowingly and willfully provide, and attempt to provide, material supplies and resources, as defined in Title 18, United States Code, Section 2339A(b), to include: United States currency and monetary instruments (money) and property to include: United States military uniforms, combat boots, military surplus goods, tactical gear

3

and clothing, firearms accessories, optical equipment and range finders, first aid supplies, rifle scopes, and equipment, knowing and intending that such support was to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to commit at places outside the United States acts that would constitute offenses of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States, with one or more of the conspirators committing an act within the jurisdiction of the United States to effect the object of the conspiracy.[2]

Indictment Count III, ¶ 2.

Counts I and III both allege violations of 18 U.S.C. § 2339A.    Section 2339A provides:

Whoever provides material support or resources[3] or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section . . . 956, of this title, . . . or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years, or both . . . .

In this case the Indictment alleges that the defendants provided material support or resources, knowing or intending that they would be used in preparation for, or in carrying out a violation of 18 U.S.C. § 956.

The elements of 18 U.S.C. § 2339A are: first, the defendant provided material support or resources; and, second, that the defendant did so knowing or intending that such support or resources would be used in preparation for or in carrying out a conspiracy to murder, kidnap or maim persons abroad (18 U.S.C. § 956(a)).

---

[2] Count III incorporates and alleges the same specific factual acts identified in the manner and means section of Count I.

[3] 18 U.S.C. § 2339A(b) defines the term "material support or resources" as any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials[.]

The allegations in both Counts I and III track the language of the statute and incorporate the elements of the offense.    The defendants do not argue otherwise.

Defendant Sedina Hodzic argued that "[d]efendant moved to dismiss both counts against her (Counts I and III) on the grounds that the indictment failed to specifically charge facts in support of the requisite specific intent under the substantive charging statute, 18 U.S.C. §2339A, providing material support or resources knowing and intending that the material support or resources would be used to commit murder or maiming abroad, in violation of 18 U.S.C. §956(a)." Docket No. 336 at ¶ 1.   This is an incorrect statement of the law because § 956(a) prohibits a *conspiracy* to murder or maim abroad.   Contrary to the defendant's foregoing statement, the United States need not allege or prove for Counts I and II that the defendant knew or intended that the material support would be used to *commit* murder or maiming.   Rather, the United States must prove that the defendant knew or intended the material support would be used in preparation for or in carrying out a *conspiracy* to murder or maim.

Two defendants, Siki Ramiz Hodzic and Nihad Rosic, are charged in Count II with a violation of 18 U.S.C. § 956(a), which provides:

> Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2).

The elements of 18 U.S.C. § 956(a) are: first, that the defendant agreed with one or more other persons to murder or maim another person at a place outside the United States.   Second, that the defendant willfully joined the agreement with the intent to further its purpose. Third, the defendant was within the jurisdiction of the United States when he conspired.   Fourth, that, during the existence of the agreement, one of the conspirators committed at least one overt act within the jurisdiction of the United States to effect any object of the agreement.

5

The allegations in Count II also track the language of the statute and incorporate the elements of the offense.    The defendants do not argue otherwise.

## ARGUMENT

A.    The indictment sufficiently alleges the requisite mental state

Section 2339A carries a mens rea element that the defendant "provide . . . material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [the predicate offense]."    18 U.S.C. § 2339A (emphasis added).    In this case the predicate offense is 18 U.S.C. § 956(a), conspiracy to commit an act outside the United States that would constitute the offense of murder or maiming if committed in the United States.    See, e.g., United States v. Omar, 786 F.3d 1104, 1112 (8th Cir. 2015).

The Indictment alleges the defendants knew or intended the material support was to be used in preparation for, or in carrying out, a conspiracy to commit an act abroad that would constitute the offense of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States.    The Indictment tracks the language of the statute, pleads sufficient facts to establish each element, and provides each defendant with sufficient notice to prepare a defense and prevent against double jeopardy, thus meeting the minimal constitutional standards. See United States v. Carter, 270 F.3d at 736; United States v. Sewell, 513 F.3d at 821 (citing Hamling, 418 U.S. at 117); United States v. Awad, 551 F.3d at 936; United States v. Resendiz-Ponce, 549 U.S. at 110.

The Magistrate Court noted that the Indictment includes specific allegations against the respective defendants regarding their knowledge and specific intent.    Further the Indictment expressly alleged facts sufficient to apprise the defendants of the requisite mens rea.    The Court properly noted that the Indictment must be read in its entirety and not in a hyper technical fashion.

6

In so doing, the Indictment's specific factual allegations alleged the express statutory language and the defendant's respective knowledge and specific intention to indicate that the defendants intended and knew how the material support they provided would be used by Pazara and other conspirators.

The Magistrate Court also pointed to numerous factual allegations, specific to each defendant, where the Indictment expressly indicated that each defendant knew the foreign fighters they supported were involved in violent acts of murdering and maiming.   The Indictment also alleged specific facts concerning how each defendant supported the conspiracy to murder and maim individuals abroad.

Defendant Harcevic cites to United States v. Awan, 459 F.Supp.2d 167 (E.D.N.Y.2006). That decision is inapplicable to the present indictment and is distinguishable.   In Awan the Indictment read:   Count One:

> In or about and between 1998 and February 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KHALID AWAN, together with others, did knowingly and intentionally conspire to provide material support and resources, as that term [sic] is defined in 18 U.S.C. § 2339A(b) (2005), knowing and intending that they were to be used in preparation for, and in carrying out, a conspiracy to murder, kidnap or maim a person or persons outside the United States in violation of Title 18 United States Code, Section 956(a).

The Court in Awan stated that the "recital of the statutory language is not enough under all circumstances.   To comply with the protections of the Fifth and Sixth Amendments, an indictment must contain sufficiently specific facts to provide the defendant 'with reasonable certainty, of the nature of the accusation against him 'so that he knows 'what he must be prepared to meet.' Russell v. U.S,. 369 U.S. 749, 764–65 (1962)."

In Awan the district court concluded that the Government used an indictment "without

specifying which of a variety of activities ... the defendant must defend against or which the grand jury considered." <u>Awan</u> at 459 F.Supp.2d at 175. Although the Government indicated that it intended to prove certain activities such as the provision of currency and personnel, the <u>Awan</u> court could not be sure that the grand jury had considered those categories since they were omitted from the indictment.  Further, the Awan Court noted that the Indictment used a "generic expression of 'material support' without specifying which of a variety of activities…would be criminal." <u>Id.</u> at 175.

The Indictment in this case is very different from <u>Awan</u>.  In the present case, the Indictment meets the standard for specificity and provides the defendants with adequate notice of the charges.  Here, the Indictment alleges 46 paragraphs of specific factual acts constituting the manner and means by which the respective defendants carried out the conspiracy.  <u>See</u> <u>United States v. Taleb-Jedi</u>, 566 F.Supp.2d 157, 164 (E.D. New York, 2008) (distinguishing <u>Awan</u> because the indictment in <u>Taleb-Jedi</u> specified activities in which the defendants engaged).  Additionally, in this case there is no "generic expression of material support."  The Indictment here specified the precise nature of the support and alleged how it would be used to commit a criminal act.  The Indictment stated and alleged:

> material supplies and resources, as defined in Title 18, United States Code, Section 2339A(b), to include: United States currency and monetary instruments (money) and property to include: United States military uniforms, combat boots, military surplus goods, tactical gear and clothing, firearms accessories, optical equipment and range finders, first aid supplies, rifle scopes, and equipment, knowing and intending that such support was to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to commit at places outside the United States acts that would constitute offenses of murder or maiming if committed in the special maritime and territorial jurisdiction of the United States.

An Indictment charging a violation of 18 U.S.C. § 2339A, with predicate offense 18 U.S.C. § 956, need not specify the persons to be murdered as part of the § 956 conspiracy, as long as it

8

sufficiently notifies the defendant of the charges so that he can challenge them and plead double jeopardy in a future prosecution.   See United States v. Sattar, 314 F.Supp.2d 279, 303-04 (2004), aff'd sub nom. United States v. Stewart, 590 F.3d 93 (2d Cir. 2009) ("The language of § 956(a) does not require that an indictment allege the identities of contemplated victims or the specific location outside the United States where the contemplated killing, kidnapping, or maiming is to occur.").

Federal Rule of Criminal Procedure 7(c) governs what allegations an indictment must contain.   Rule 7 provides that an indictment "shall be a plain, concise and definite statement of the essential facts constituting the offense charged." The Supreme Court has stated that an indictment is generally sufficient when it "set[s] forth the offense in the words of the statute itself, [and contains] such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18 (1974) (internal citations omitted).   That is the case with the Indictment in this matter.

Defendant Mediha Medy Salkicevic argues that the Indictment it is not factually sufficient to allege that co-conspirator Pazara was fighting with and in support of certain designated terrorist organizations because, she argues, the groups in Syria are different from one another.   Setting aside whether this characterization is accurate, it is not germane to a motion to dismiss this indictment.   Although the group or groups for which Pazara fought are relevant to the intent and purpose of the conspiracy, this is only one of many facts in the Indictment supporting the Indictment's allegations regarding the purpose of the support provided by the conspirators.   The present charges do not depend on the alignment of the foreign terrorist organizations listed in the Indictment.

9

Defendant Salkicevic argues that the report and recommendation is in error because the indictment "is not factually sufficient to state the Abdullah Ramo Pazara was fighting with and in support of each of these organizations."   This argument confuses the offenses that are charged. The Indictment charges violations of 18 U.S.C. § 2339A, not § 2339B.   As the report and recommendation correctly pointed out, "[t]his argument is without merit, because a connection between defendants and an FTO, important to a prosecution under 18 U.S.C. § 2339B, *see* 18 U.S.C. § 2339B(a), is not among the statutory requirements of §§ 2339A and 956(a). *See* 18 U.S.C. §§ 956(a), 2339A(a). Rather, this argument anticipates an argument about the legal sufficiency and persuasiveness of the government's trial evidence, not the legal sufficiency of the allegations in the indictment."   In other words, in a prosecution under § 2339A the indictment does not have to specify or allege material support to a specifically designated terrorist organization.   That is an element of, and required under, § 2339B, not under § 2339A.   Defendant Salkicevic also argues that the United States covertly has been supporting some of the same organizations.   This argument is not supported by any facts or evidence and is not germane to the sufficiency of the indictment and any motion to dismiss.

Additionally, defendant Salkicevic contends that the Magistrate Court's references to United States v. Omar, 786 F.3d 1104, 1112-13 (8th Cir. 2015), and United States v. Hassan, 742 F.3d 104, 140 (4th Cir. 2014), are inapposite on the sufficiency of Count 1.   The Government disagrees with Salkicevic and agrees with the Magistrate Court.   Omar specifically addresses the "knowing or intending" mens rea element of § 2339A(a), in the context of a defendant charged under that statute with predicate offense of § 956(a)(1); Hassan restates the elements of the offense (§ 2339A with predicate offense of § 956(a)) and cites to cases explaining those elements. Hassan makes clear that § 956 may constitute a predicate offense to a § 2339A charge.   Hassan,

742 F.3d at 141.   Even if <u>Hassan</u> states that the predicate offense must be a "specific violent crime," a conspiracy to murder or maim overseas satisfied the court's standard in that case.   And as stated above, the Indictment need not allege specific contemplated victims or the specific location outside the United State where the murder or maiming was to occur.   See <u>Sattar</u>, 314 F.Supp.2d at 303-04.

Defendant Salkicevic also argues that the report and recommendation erred because the "indictment fails to allege a specific violent crime that Ms. Salkicevic knew about or intended to support."   A plain reading of the allegations shows this is not the case.   Counts I and III both allege that all defendants conspired and provided material support and that "such support was to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a), that is, a conspiracy to commit at places outside the United States acts that would constitute offenses of murder or maiming." (i.e. a specific violent offense, that being a conspiracy to violate § 956).   Additionally, paragraph 13 also alleged that defendant Salkicevic used various electronic and digital media to, among other activities, to communicate with conspirators about Pazara and other foreign fighters who were supporting the FTOs; to coordinate the transfer of money and property to the fighters; and to discuss weapons, tactics, and the violent activities of Pazara and others who supported.   In context of the entire indictment, such factual allegations refer to the intentional and knowing support of a conspiracy to murder and maim persons abroad. Similarly, paragraph 30 alleged that on October 19, 2013, after receiving a photo of two rifle scopes, defendant Salkicevic told defendant Ramiz Hodzic that she hoped the scopes would reach "them" [i.e. Pazara and other fighters in Syria] and that they would be put to

"good use."   In context, such an allegation clearly suggests a specific violent act and one in furtherance of a conspiracy to murder individuals abroad.   Thus, defendant Salkicevic's contention on this issue is without merit.

B.       The indictment properly alleged a conspiracy to violate the law

A substantive § 2339A offense consists of providing material support or resources, knowing or intending that they will be used to facilitate any of several listed offenses.   The offense alleged in Count I is a violation of 18 U.S.C. § 956(a)(1), which proscribes conspiring to murder, kidnap, or maim a person or persons in a foreign country.   Count III charges a substantive § 2339A offense based on the same § 956(a)(1) predicate.   The statute requires that the Government allege that material support was provided in furtherance of a specified unlawful offense and the Indictment tracks the language and intent of the statute.   The Indictment properly alleges, in the conjunctive, that defendants conspired to provide, and attempted to provide, material support and resources.   The Indictment simply alleges activities prohibited by the statute.

As the Magistrate Court stated, the "essence of conspiracy" is the agreement to violate the law.   See Smith v. United States, 133 S. Ct. 714, 719 (2013); United States v. Andrade, 788 F.2d 521, 525 (8th Cir. 1986).   The indictment's allegations are legally sufficient and nothing prohibits the grand jury from charging, as in this case, the existence of a conspiracy to commit another conspiracy.   United States v. Khan, 461 F.3d 477, 492-93 (4th Cir. 2006) (ruling the count based on 18 U.S.C. §§ 956 and 2339A "expressly contemplate[d] allowing one conspiracy to serve as the predicate offense for another conspiracy. Nothing about the statutory framework is unconstitutional, improper, or even unusual."); United States v. Stewart, 590 F.3d at 117-19; United States v. Sattar, 314 F.Supp.2d at 306.   Defendant Salkicevic cites to Khan to advance the argument that the Indictment is deficient because the material support conspiracy and its predicate

conspiracy to murder and maim are not "distinct offenses with entirely different objectives." See Khan, 461 F.3d at 493.   Yet the court in Khan concluded that a "conspiracy to provide material support to terrorism represents a distinct offense with different objectives from the predicate conspiracy to kill a person." Id.   Therefore, the indictment is sufficient and properly alleges a criminal offense.

        C.        Lawful Combatant Immunity Claims

Multiple defendants attempted to raise some version of the affirmative defense of lawful combatant immunity.[4]   Lawful combatant immunity is an affirmative defense, and the defendant must raise and prove all elements to be entitled to protection from prosecution. United States v. Lindh, 212 F. Supp. 2d 541, 557 (E.D. Va. 2002). The existence of lawful combatant immunity is a fact-intensive inquiry and the defendant bears the burden of proof.  Lindh, 212 F.Supp.2d at 557 n. 36.   As a result, the Magistrate Court ordered that any defendant who wishes to attempt to assert the affirmative defense must brief the matter by October 14, 2016.   The Magistrate Court also indicated it will set a hearing on any such motion and brief.

Contrary to the defendants' arguments, a grand jury is not required to anticipate or make allegations regarding a defendant's affirmative defense to the charges in the indictment.  United States v. Sisson, 399 U.S. 267, 301 (1970) (regarding conscientious objection defense); United States v. Yunis, 924 F.2d 1086, 1097-99 (D.C. Cir. 1991) (regarding affirmative defense of obedience to military orders).

---

[4] Hodzic Mot. to Dismiss Mem. at 10, 12; Harcevic Mot. to Dismiss Mem. at 6, 17-20; Rosic Mot. to Dismiss Mem. at 15-16; Salkicevic Mot. to Dismiss Mem. at 11-12; Sedina Hodzic Mot. to Dismiss Mem. at 13-14.

## **CONCLUSION**

To be legally sufficient on its face, the indictment must contain all the essential elements of the respective offense charged; it must fairly inform each defendant of the charge against which he or she must defend; and it must allege sufficient information to allow each defendant to plead a conviction or an acquittal as a bar to a future prosecution. Hamling v. United States, 418 U.S. 87, 117 (l974); United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).

All of the alleged counts track the language of the statute and state the essential elements of the offense.   By tracking the language of 18 U.S.C. § 2339A, § 956, and providing factual bases for the charges, the counts satisfy the well-established pleading requirements in this Circuit. The law of this circuit does not require that an indictment allege all possible factual and evidentiary bases to ascertain a defendant's intent and knowledge.   The Supreme Court and the law of this Circuit make it clear that an indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and equips the defendant to make a later double jeopardy argument.   The present Indictment meets those standards.

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests this Honorable Court deny the defendants' objections and adopt the Magistrate Court's Report and Recommendations as they relate to the motions to dismiss.

Respectfully Submitted,

RICHARD G. CALLAHAN
United States Attorney


*/s/ Mara M. Kohn*
MARA M. KOHN, 2281SD
Trial Attorney – NSD/Department of Justice
Counterterrorism Section
Mara.Kohn2@usdoj.gov

*/s/ Joshua D. Champagne*
JOSHUA D. CHAMPAGNE – 1013246 DC
Trial Attorney - NSD/Department of Justice
Counterterrorism Section
Joshua.Champagne@usdoj.gov

*/s/ Howard Marcus*
HOWARD MARCUS -
Assistant United States Attorney

*/s/ Matthew T. Drake*
MATTHEW T. DRAKE – 46499MO
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*s/MATTHEW T. DRAKE*
MATTHEW T. DRAKE – 46499MO

15