UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 0049 CDP (DDN) |
| | ) | |
| RAMIZ ZIJAD HODZIC, | ) | |
| a/k/a Siki Ramiz Hodzic, | ) | |
| | ) | |
| SEDINA UNKIC HODZIC, | ) | |
| | ) | |
| NIHAD ROSIC, | ) | |
| a/k/a Yahya AbuAyesha Mudzahid, | ) | |
| | ) | |
| MEDIHA MEDY SALKICEVIC, | ) | |
| a/k/a Medy Ummuluna, | ) | |
| a/k/a Bosna Mexico, and, | ) | |
| | ) | |
| ARMIN HARCEVIC | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE AND HEARING
PURSUANT TO MISSOURI v. FRYE**

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Matthew T. Drake, Howard Marcus, and Kenneth Tihen, Assistant United States Attorneys for said District, and Mara Kohn and Joshua Champagne, Trial Attorneys for the United States Department of Justice, National Security Division, Counterterrorism Section, and file this Motion for a Pretrial hearing and conference for each respective defendant pursuant to Missouri v. Frye to create a record that each defendant has received a proposed plea offer extended by the Government. In support the Government states as follows:

1

## PROCEDURAL BACKGROUND

On February 5, 2015, a Grand Jury returned an indictment and charged the captioned defendants with two counts of 18 U.S.C. §§ 2339A, that is conspiring and providing material support in furtherance of in preparation for and carrying out a violation of Title 18 United States Code Section 956.  Two defendants, Ramiz Hodzic and Nihad Rosic are also charged with a substantive violation of Title 18, United States Code, Section 956.  Since approximately September 2015, the Government and defense counsel have discussed possibilities for resolving the pending allegations without a trial.  The Government and respective defense counsel have met individually to discuss resolutions and engage in plea negotiations.  The Government has communicated offers to each respective defense counsel.  As of the date of this filing, defense counsel has indicated to the Government that each defendant does not intends to accept the Government's respective offers.  The Government now respectfully requests that this Court conduct a hearing to make a records that the terms of each offer have been communicated to the respective defendant and that the defendant has declined.

## ARGUMENT

In <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), the Supreme Court held that the Sixth Amendment right to the effective assistance of counsel extends to the negotiation and consideration of plea offers that have been rejected or have lapsed.  In <u>Frye</u>, the state offered a misdemeanor plea with a recommendation of a 90-day sentence, but defense counsel failed to advise the defendant of this offer before it lapsed, and the defendant later pled guilty to a felony and was sentenced to three years' imprisonment. The Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal prosecution offers to accept a plea on terms and conditions that may be favorable to the accused." <u>Id</u>. at 1408.  The Court further held that, in

order to prevail on a claim of ineffective assistance of counsel and show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability both that he would have accepted the more favorable plea offer had he been afforded effective assistance of counsel, and that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. . . ." Id. at 1409.

In Frye, the majority opinion outlined protective measures to guard against potential claims of ineffective assistance of counsel, stating:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences.  First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations.  Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges . . . . Third, formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

Frye, 132 S. Ct. at 1408-09.

One method of ensuring that the defendant has had the opportunity to consider the plea offers advanced by the United States is for the trial court to conduct a Frye hearing.  At any potential hearing, the Government intends to state that an offer was made; if warranted, outline the general terms of any offer; and, seek confirmation that defense counsel discussed the offer with the defendant.

## **CONCLUSION**

In order to ensure that the Government's proposed plea has been communicated to the defendant, the Government respectfully requests that this Court schedule a Frye hearing to determine whether counsel has communicated the terms of the offer to the defendant.

Respectfully Submitted,

RICHARD G. CALLAHAN
United States Attorney


 /s/ *Matthew T. Drake*
MATTHEW T. DRAKE, 46499MO
Assistant United States Attorney

/s/ *Mara M. Kohn*
MARA M. KOHN, 2281SD
Trial Attorney – NSD/Department of Justice
Counterterrorism Section
Mara.Kohn2@usdoj.gov

/s/ *Joshua D. Champagne*
JOSHUA D. CHAMPAGNE, 1013246 DC
Trial Attorney - NSD/Department of Justice
Counterterrorism Section
Joshua.Champagne@usdoj.gov

/s/ *Howard Marcus*
HOWARD MARCUS, 29756MO-
Assistant United States Attorney

/s/ *Kenneth R. Tihen*
KENNETH R. R. TIHEN, 37325MO
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 17, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

             *s/MATTHEW T. DRAKE*_____
             MATTHEW T. DRAKE, 46499MO